CLYDE R. TYLER *v.* RUTH K. SCHNABEL ET AL.
(12298)

LAVERY, FREEDMAN and SPEAR, Js.

Argued February 24—decision released May 3, 1994

*Kathleen Eldergill,* for the appellant (plaintiff).
*Scott M. Karsten,* for the appellees (defendants).

LAVERY, J. The plaintiff, Clyde R. Tyler, appeals from the trial court's denial of his motion for a prejudgment remedy pursuant to General Statutes § 52-278d.[1] On appeal, the plaintiff asserts that the trial court improperly denied his motion in light of its factual findings.[2] We agree.

This appeal arises from the lengthy litigation between the plaintiff and the defendants, Ruth K. Schnabel and

---

[1] General Statutes § 52-278d (a) provides in pertinent part: "If the court, upon consideration of the facts before it, finds that the plaintiff has shown probable cause to sustain the validity of his claim, then the prejudgment remedy applied for shall be granted . . . ."

[2] The plaintiff also argues that the trial court improperly denied his motion because the facts found by the trial court established a resulting trust. We need not consider this issue in light of our conclusion on the plaintiff's first claim.

Philip Schnabel. On February 20, 1990, the plaintiff sued Philip for false imprisonment, intentional infliction of emotional distress, abuse of process and violations of 42 U.S.C. § 1983.[3] On December 19, 1991, the plaintiff obtained a judgment against Philip for $493,660.60.[4] This court affirmed the judgment in August, 1993. *Schnabel* v. *Tyler,* 32 Conn. App. 704, 723B, 630 A.2d 1361, cert. granted, 227 Conn. 932, 632 A.2d 708 (1993).

On September 14, 1992, the plaintiff sued the defendants alleging that a transfer of funds from Philip to his wife, Ruth, was a fraudulent conveyance. Pending trial, the plaintiff moved for a prejudgment remedy.[5] The trial court denied the motion after a hearing.

In its memorandum of decision, the trial court found the following facts: Philip received $113,725 from the settlement of a lawsuit in November, 1990, at least eight months after the plaintiff filed suit. Philip transferred all of these funds to Ruth, and thereby rendered himself insolvent. In this transaction, Ruth was an "insider" under General Statutes § 52-552b (7).[6] The trial court also found that this transfer was not a repayment of a debt.

The trial court applied the Uniform Fraudulent Transfer Act; General Statutes §§ 52-552a through 52-552*l*; to these facts and ruled that probable cause did not exist to sustain the plaintiff's claim that the transfer was fraudulent. The trial court applied General Statutes § 52-552f (b), which controls creditors whose claims had matured at the time the suspect

---

[3] The plaintiff advanced these claims in a counterclaim to Philip's defamation action against the plaintiff.

[4] The plaintiff prevailed on his counterclaim and on Philip's claim.

[5] The plaintiff sought to attach property Ruth bought with the funds.

[6] General Statutes § 52-552b (7) provides: " 'Insider' includes: (A) If the debtor is an individual, (i) a relative of the debtor . . . ." General Statutes § 52-552b (11) provides that " '[r]elative' means . . . a spouse . . . ."

transfer occurred.[7] The trial court concluded that (1) Ruth was an insider, (2) Philip was insolvent, and (3) a fact finder could conclude that Ruth knew of Philip's insolvency when she accepted the transfer. See General Statutes § 52-552f (b). Nonetheless, the trial court stated that the plaintiff would have to prove fraud by clear and convincing evidence. Because the trial court could not find probable cause that the plaintiff would be able to prove fraud by that standard, it denied the prejudgment remedy.

Section 52-278d permits a court to grant a prejudgment remedy if "the plaintiff has shown probable cause to sustain the validity of his claim . . . ." *Sellner* v. *Beechwood Construction Co.*, 176 Conn. 432, 434, 407 A.2d 1026 (1979). Prejudgment remedy proceedings do not address the merits of the action; they concern only "whether and to what extent the plaintiff is entitled to have property of the defendant held in the custody of the law pending adjudication of the merits of that action." Id., 435–36.

"In acting on a prejudgment remedy motion, the trial court must evaluate the arguments and evidence produced by both parties to determine whether there is probable cause to sustain the validity of the plaintiffs' claim. . . . [T]he trial court, vested with broad discretion, need determine only the likely success of the plaintiffs' claim by weighing probabilities." (Citations omitted; internal quotation marks omitted.) *Haxhi* v. *Moss*, 25 Conn. App. 16, 18–19, 591 A.2d 1275 (1991); *E.J. Hansen Elevator, Inc.* v. *Stoll,* 167 Conn. 623, 628–30, 356 A.2d 893 (1975). Civil probable cause con-

---

[7] General Statutes § 52-552f provides in pertinent part: "TRANSFERS FRAUDULENT AS TO PRESENT CREDITORS. . . . (b) A transfer made by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made if the transfer was made to an insider for an antecedent debt, the debtor was insolvent at that time and the insider had reasonable cause to believe that the debtor was insolvent."

stitutes a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a person of ordinary caution, prudence and judgment, under the circumstances, in advancing the action. *One Fawcett Place Ltd. Partnership* v. *Diamandis Communications, Inc.,* 24 Conn. App. 524, 525, 589 A.2d 892 (1991). "The plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim." Id.; *Fischel* v. *TKPK, Ltd.,* 34 Conn. App. 22, 26, 640 A.2d 125 (1994).

"This court's role in reviewing the trial court's ruling on a prejudgment remedy motion is limited. 'It is not to duplicate the trial court's weighing process, but rather to determine whether its conclusion was reasonable. "In the absence of clear error, this court should not overrule the thoughtful decision of the trial court, which has had an opportunity to assess the legal issues which may be raised and to weigh the credibility of at least some of the witnesses." [*Augeri* v. *C. F. Wooding Co.,* 173 Conn. 426, 429, 378 A.2d 538 (1977)].' " *Haxhi* v. *Moss,* supra, 25 Conn. App. 19.

In reviewing the trial court's determination, we must first consider what law applies. Pursuant to No. 91-297 of the 1991 Public Acts, Connecticut adopted the Uniform Fraudulent Transfer Act on October 1, 1991. Prior to that adoption, General Statutes § 52-552 governed fraudulent conveyances. Although repealed by Public Acts 1991, No. 91-297, General Statutes (Rev. to 1989) § 52-552 was in effect when Philip made the disputed transfer.

"[T]he applicable substantive law is that in effect at the time that the action accrues." *Champagne* v. *Raybestos-Manhattan, Inc.,* 212 Conn. 509, 522, 562 A.2d 1100 (1989). "In Connecticut, a cause of action accrues when a plaintiff suffers actionable harm. *Cats*

v. *Rubenstein,* 201 Conn. 39, 43, 513 A.2d 98 (1986)." Id., 521. "The only exception to this rule is when the legislature enacts substantive legislation and unequivocally declares that the new legislation is to be given retroactive effect. *State* v. *Lizotte,* 200 Conn. 734, 740–41, 517 A.2d 610 (1986); *Hunter* v. *Hunter,* 177 Conn. 327, 331, 416 A.2d 1201 (1979). . . . [T]here is no indication that the legislature intended the act to apply to actions that accrued before its effective date." (Citations omitted.) *Champagne* v. *Raybestos-Manhattan, Inc.,* supra, 522. Therefore, this action must be considered under General Statutes (Rev. to 1989) § 52-552.

Under that statute, a party seeking to set aside a conveyance as fraudulent must prove "either: (1) that the conveyance was made without substantial consideration and rendered the transferor unable to meet his obligations; or (2) that the conveyance was made with a fraudulent intent in which the grantee participated." *Tyers* v. *Coma,* 214 Conn. 8, 11, 570 A.2d 186 (1990); *Bizzoco* v. *Chinitz,* 193 Conn. 304, 312, 476 A.2d 572 (1984); *Zapolsky* v. *Sacks,* 191 Conn. 194, 200, 464 A.2d 30 (1983). The party seeking to set aside the conveyance need not satisfy both alternatives. *Tyers* v. *Coma,* supra, 11; *Bizzoco* v. *Chinitz,* supra, 312.

In this case, Philip claimed that the transfer was a repayment of a debt to Ruth. Because the trial court found that the transfer was not a repayment, the transfer was made without substantial consideration. Further, the trial court found that the transfer rendered Philip insolvent. If the plaintiff proves these facts at the trial on the merits, he will succeed in his action. By finding these facts at the probable cause hearing, the trial court found the existence of facts essential under General Statutes (Rev. to 1989) § 52-552 for the action and such as would warrant a person of ordinary

caution, prudence and judgment, under the circumstances, to advance the action. See *One Fawcett Place Ltd. Partnership* v. *Diamandis Communications, Inc.,* supra, 24 Conn. App. 525. Therefore, our review of the facts found by the trial court leads us to conclude that the trial court's determination was not reasonable.

At the trial on the merits, the plaintiff will not be required to prove actual fraud. *Tyers* v. *Coma,* supra, 214 Conn. 11. Thus, the trial court improperly employed a more stringent standard at the probable cause hearing than would be required at trial. The trial court's use of an improperly stringent standard was clearly erroneous; the trial court's determination on probable cause was unreasonable in light of its own factual findings. Therefore, we must reverse.

Ordinarily, we would remand this case to the trial court for an evidentiary hearing to determine whether probable cause exists entitling the plaintiff to prejudgment relief. *People's Bank* v. *Bilmore Building Corp.,* 28 Conn. App. 809, 823–24, 614 A.2d 456 (1992). Where probable cause for an attachment obviously exists, however, we need not remand for a second determination. See id., 824. In this case, the facts found by the trial court obviously demonstrate probable cause to sustain the plaintiff's case.

The judgment of the trial court is reversed and the case is remanded for a hearing to determine the appropriate value and nature of the prejudgment remedy.

In this opinion the other judges concurred.