[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a replevin action, General Statutes §§ 52-515, 52-516, in which the plaintiffs, Forgotten Garden Custom Works, Inc. and Penella S. Reed, have applied for a prejudgment remedy of replevy in the amount of $85,000, seeking immediate possession of certain goods and chattels currently held by the defendants, Philip Law and Valerie Flowers. The plaintiffs contend that the items in question, certain manufacturing machines, equipment and power tools, including saws, grinders, lathes, planers and drills, belong to them and have been unlawfully taken by the defendants. Pursuant to General Statutes § 52-522, plaintiffs have asserted a one count complaint in replevin against the defendants, alleging that in April, 1993, the plaintiffs and Law entered into a joint venture agreement involving custom furniture, in which plaintiffs would contribute $90,000 to this venture, and Law would provide an appropriate place of business and supply the wood for the construction of such furniture, and the parties would split the profits. Plaintiffs contend that they paid the $90,000, the equipment was purchased with their funds, and that the defendants then wrongfully appropriated the machinery and tools, and changed the locks on the premises where the machinery is located, barring plaintiffs from entering these premises. The plaintiffs seek an order in the underlying action to replevy the machinery in question, and they presently seek a prejudgment remedy of immediate replevin. The defendants claim that plaintiffs loaned Law $30,000 for purchase of equipment, and that plaintiffs have failed to demonstrate a right to obtain immediate possession of the items in issue. CT Page 5350
General Statutes § 52-278d(a) provides, in pertinent part, that: "[i]f the court, upon consideration of the facts before it and taking into account any defenses, counterclaims or setoffs . . . finds that the plaintiff has shown probable cause that such a judgment will be rendered . . . in the plaintiff's favor," a prejudgment remedy shall be granted. "Prejudgment remedies proceedings do not address the merits of the action; they concern only whether and to what extent the plaintiff is entitled to have property of the defendant held in the custody of the law pending adjudication of the merits of that action." (Internal quotation marks and citations omitted). Tyler v. Schnabel, 34 Conn. App. 216, 219, ___ A.2d ___ (1994). "Probable cause for purposes of the PJR statute is a flexible common sense standard that does not demand that a belief be correct or more likely true than false." Fischel v. TKPK, Ltd., 34 Conn. App. 22, 24, ___ A.2d ___ (1994). "In acting on a prejudgment remedy motion, the trial court must evaluate the arguments and evidence produced by both parties to determine whether there is probable cause to sustain the validity of the plaintiff's claim. . . . [T]he trial court, vested with broad discretion, need determine only the likely success of the plaintiff's claim by weighing probabilities . . . Civil probable cause constitutes a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a person of ordinary caution, prudence and judgment, under the circumstances, in advancing the action." Tyler v. Schnabel, supra, 219-20.
According to General Statutes § 52-515, an action of replevin "may be maintained to recover any goods or chattels in which the plaintiff has a general or special property interest with a right to immediate possession and which are wrongfully detained from him in any manner, together with the damages for such wrongful detention." Because of General Statutes § 52-516(b), "in order to obtain an order of replevin, the plaintiff was required to satisfy not only the requirements of the replevin statutes; General Statutes § 52-515 et seq.; but the requirements of due process as expressed in §§ 52-278a through 52-278h." Shawmut Bank, N.A. v.Valley Farms, 222 Conn. 361, 371, 610 A.2d 652 (1992).
After reviewing the testimony and exhibits, this court has concluded that the plaintiffs are not entitled to a prejudgment remedy of an immediate replevin of the equipment and machinery because the source of payment for the items in question and the rightful owner thereof have not been satisfactorily established. For example, a portion of the machinery and tools were purchased from Sunhill Machinery of Seattle, and shipped to defendant Flowers' place of business at 657 Danbury Road, Wilton, and were addressed to "Forgotten Gardens," a name used by Flowers to conduct her own separate business at that address. Moreover, Law introduced evidence CT Page 5351 to the effect that he used his own personal credit card to purchase some of the items in question, and that he was responsible for the payment for such machinery and equipment, and had in fact been paying for same. In addition, although the plaintiffs were able to show a payment of $30,000, there was credible evidence that such amount was a loan to defendant Law so that he could purchase the equipment and machinery.
It may well be that in a full scale trial, when the issues can be more fully developed, the plaintiffs will persuade the trier of fact that they are entitled to a replevin. However, in this proceeding, because of the questions as to ownership of the equipment the plaintiffs have not sustained their burden of showing probable cause that a judgment will be received in their favor, as is required by General Statutes § 52-278d(a). Accordingly, their application for a prejudgment remedy is denied, except to the extent that an order hereby enters that the defendants shall not sell, transfer, hypothecate, mortgage, pledge, give, or in any other way, transfer or alienate possession of the above described equipment and machinery, without prior approval of this court. A trial on the merits will be scheduled as expeditiously as possible because of the exigencies of the circumstances.
So Ordered.
Dated at Stamford, Connecticut, this 19th day of May, 1994.
William B. Lewis, Judge