[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Howard Greene, seeks a prejudgment remedy of an attachment of a condominium unit in the amount of $95,000, which is owned by the defendant, Kathleen N. Cox. The plaintiff's proposed complaint has two counts. In the first count, the plaintiff alleges that he and the defendant had a romantic relationship and were planning for a wedding; that in June, 1994, the defendant purchased a condominium at 15 Lafayette Court in Greenwich, for $369,000, and in October, 1994, the plaintiff moved into the condominium with her; that the plaintiff spent almost $90,000 of his own money on renovations and improvements to the premises and for new furniture; that the defendant found a new job in Atlanta in March, 1995, and both she and the plaintiff moved together to Georgia; that thereafter the relationship "soured" and the plaintiff seeks reimbursement for the money he spent on improvements to the condominium and for furniture. The plaintiff claims he suffered "damages" because he spent the money "in contemplation of" marriage, which never occurred. In the second count, the plaintiff alleges that he is entitled to reimbursement by the defendant under the theory of "unjust enrichment."
A hearing was held concerning the plaintiff's application for an attachment, and the evidence disclosed the following. Although the parties never became formally engaged, nor did the defendant receive a ring, the plaintiff and the defendant did make plans to marry in the fall of 1994. In June of 1994, however, the plaintiff was indicted by the New York District Attorney's office for allegedly accepting illegal kickbacks while engaged in building management activities in New York City. The defendant decided to cancel the wedding at least until the criminal proceedings were resolved. The plaintiff was the impetus behind refurbishing the defendant's condo, including the CT Page 14121 hiring of an interior decorator, and in purchasing new furnishings and furniture for the unit. After the parties moved to Atlanta, the defendant listed the subject premises for sale for $475,000, and the listing contained the words "just renovated." The subject condominium was still being rented at the time of this hearing in August, 1995.
The romance terminated after about a month in Georgia because the plaintiff, who was a stalwart believer in the "empty nest" theory, did not like the fact that the defendant's college-aged daughter and possibly her son as well were planning to move into the dwelling in Atlanta with the plaintiff and the defendant, on at least a temporary basis. The plaintiff left Atlanta and returned to this area.
At the behest of the defendant, in connection with her possible sale of the subject premises, the furniture purchased by the plaintiff for approximately $48,000 was moved into storage in the name of the plaintiff as owner. The plaintiff has been paying storage charges for these items ever since. The defendant makes no claim for the furniture and agrees that it belongs to the plaintiff, who also does not want the furniture. The defendant made it clear to the plaintiff that she did not have the money to pay for the renovations or for the furniture, however, the plaintiff wanted to proceed, and the parties worked harmoniously in supervising the renovations at the condo, and in purchasing the furniture. All of these expenditures by the plaintiff were made after the defendant canceled the wedding plans, in June, 1994.
An analysis of the plaintiff's request for a prejudgment remedy begins with General Statutes § 52-278d(a)(1), which permits a court to grant a prejudgment remedy if the plaintiff has shown probable cause that a "judgment in the amount of the prejudgment remedy sought . . . taking into account any defenses, counterclaims or set-offs, will be rendered in the matter in favor of the plaintiff." "Prejudgment remedy proceedings do not address the merits of the action; they concern only whether and to what extent the plaintiff is entitled to have property of the defendant held in the custody of the law pending adjudication of the merits of that action. . . . In acting on a prejudgment remedy motion, the trial court must evaluate the arguments and evidence produced by both parties to determine whether there is probable cause to sustain the validity of the plaintiff's claim. . . . [T]he trial court, vested with broad discretion, need CT Page 14122 determine only the likely success of the plaintiff's claim by weighing probabilities. . . . Civil probable cause constitutes a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a person of ordinary caution, prudence and judgment, under the circumstances, in advancing the action. . . . The plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim." (Citations omitted; internal quotation marks omitted.) Tyler v. Schnabel,34 Conn. App. 216, 219-220, 641 A.2d 388 (1994).
The Supreme Court decision in Piccininni v. Hajus,180 Conn. 369, 429 A.2d 886 (1980), outlines the right of a donor to obtain reimbursement for expenditures occurred in contemplation of marriage. The case holds that the so-called Heart Balm statute, General Statutes § 52-572b, regarding breach of a promise to marry, only bars claims of humiliation, mental anguish and the like, but does not affect "rights and duties determinable by common law principles." Id., 372. Thus, a donor of money or property that were given "conditional upon a subsequent ceremonial marriage" may recover when the condition is broken by the donee. Id. An action for false and fraudulent representations will also be permitted. Id., 373. The dissent by Chief Justice Peters points out that a donor can regain money or property obtained by the donee as a result of "trickery, cunning and duplicitous dealing" under the doctrine of "unjust enrichment;" Id., 375-76; which is the remedy invoked by the plaintiff in the second count of his complaint. Thus, the plaintiff has pleaded a valid cause of action and the resolution of plaintiff's application turns to whether he has shown probable cause that he will recover under unjust enrichment.
The court in Burns v. Koellmer, 11 Conn. App. 375,527 A.2d 1210 (1987), another case involving a disintegrated romantic relationship, discusses quasi-contracts and particularly the doctrine of restitution. The court states that both unjust enrichment and quantum meruit are aspects of restitution, but that the latter is confined to an implied contract for reimbursement for services rendered. Unjust enrichment was described as a remedy where there exists "a perceived injustice because one party has benefitted [benefited] at the expense of another." Id. 384. "[U]njust enrichment has been the form of action commonly pursued in this jurisdiction when the benefit that the enriched party receives is either money or property. . . . This doctrine is based upon the principle that one should not be permitted CT Page 14123 unjustly to enrich himself at the expense of another but should be required to make restitution of or for property received, retained or appropriated. . . . The question is: Did [the party liable] to the detriment of someone else, obtain something of value to which he was not entitled?" (Citations omitted; internal quotation marks omitted.) Id.
After evaluating the evidence and the credibility of the witnesses, the court is of the opinion that the plaintiff has demonstrated probable cause that he will receive a judgment in his favor under the theory of unjust enrichment for approximately $18,000, as representing capital improvements to the subject premises. The defendant received a benefit at the plaintiff's expense as her condominium increased in value because of the renovations. It is impossible to determine precisely the benefit received by the defendant, which is the usual measure of damages, but under the circumstances using the cost of the renovations represents a reasonable way to calculate the benefit to the defendant. See Hartford Whalers Hockey Club v. Uniroyal GoodrichTire Co., 231 Conn. 276, 285, 649 A.2d 518 (1994). The renovations paid for by the plaintiff include a new ceramic tile kitchen countertop, new wallpaper, plastering and painting, changes on the outdoor deck, new crown molding in certain rooms, marble tile in the bathroom, and some electric and plumbing improvements.
The total cost of the renovations according to the plaintiff was about $28,800, of which $8,980 represents the balance due on a bill from a contractor friend of the plaintiff, a Vincent DiSalvo of Brooklyn, who was in charge of the renovations. His bill, however, was marked "paid in full, " and the defendant quoted the plaintiff as saying DiSalvo was performing the work as a way of saying "thank you" to the plaintiff. Thus, subtracting this amount from $28,000 leaves a balance of approximately $19,000. The decorator's fee does not directly add to the value of the defendant's unit, nor is the $48,000 for furniture recoverable by the plaintiff. The defendant did not need or want this furniture, although she clearly accepted and used it. Moreover, it is being held in the plaintiff's name in storage and he has been paying the storage charges. The plaintiff is also making a claim for $8,000 for some bills he paid belonging to the defendant and for some cash he gave her. These gifts are not recoverable under the theory of unjust enrichment as they were clearly gifts given in the course of the romance between the parties, and do not constitute an unjust benefit to the CT Page 14124 defendant.
Of course, it is entirely conceivable that after discovery, a full trial, and the possible use of other legal theories, the defendant may prevail, or the plaintiff will prove he is entitled to a larger sum, but at this stage of the proceedings a prejudgment remedy in the amount of $19,000, plus $3,000 of interest, for a total attachment of $22,000 is granted against the defendant's condominium unit on Lafayette Court in Greenwich.
So Ordered.
Dated at Stamford, Connecticut, this 19th day of December, 1995.
William B. Lewis, Judge