[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
To secure its claim for legal fees, the plaintiff law firm, Moynahan, Ruskin, Mascolo Minnella, seeks a prejudgment remedy of attachment in the amount of $45,000 against three parcels of real property owned by the defendants, Bernice and Richard McCarroll.
The pertinent facts are as follows. In December of 1994, the parties entered into an agreement whereby the plaintiff was to render legal services to the defendants' son, Douglas McCarroll. This agreement, dated December 7, 1994, was reduced to writing and signed by both defendants and Cheryl Heffernan, one of the plaintiff's attorneys (Ex. A). The agreement called for the defendants to pay an initial, nonrefundable retainer of $10,000 to the plaintiff. That fee was paid. Once this retainer was depleted, the defendants were to pay another retainer before subsequent services were rendered.
Beyond the original $10,000, the defendants made no further payments to the plaintiff. The plaintiff filed a motion to withdraw as counsel for Douglas McCarroll in April of 1995. That motion was denied. The plaintiff subsequently continued to render its services, with the alleged amount of the services performed and expenses incurred equalling $45,823.59. The plaintiff's claim against the defendants is in the amount of $35,823.59 plus interest pursuant to General Statutes § 37-3a.
On June 5, 1996, the plaintiff filed an application for a prejudgment remedy of attachment (hereinafter "PJR"). That application was accompanied by the requisite proposed unsigned writ, summons and complaint, a supporting affidavit, and an order and summons. See General Statutes § 52-278c. Pursuant to § 52-278d(a), a hearing was held by this court on July 22, CT Page 9639 1996.
General Statutes § 52-278d(a) provides in relevant part that a PJR hearing "shall be limited to a determination of (1) whether or not there is probable cause that a judgment in the amount of the prejudgment remedy sought . . . will be rendered in the matter in favor of the plaintiff. . . ." PJR proceedings "do not address the merits of the action; they concern only whether and to what extent the plaintiff is entitled to have property of the defendant held in the custody of the law pending adjudication of the merits of that action." (Citations omitted; internal quotation marks omitted.) Tyler v. Schnabel, 34 Conn. App. 216,219, 641 A.2d 388 (1994).
"Probable cause for purposes of the PJR statutes is a flexible common sense standard that does not demand that a belief be correct or more likely true then false." Fischel v. TKPK,Ltd., 34 Conn. App. 22, 24, 640 A.2d 125 (1994). "[T]he court must evaluate not only the plaintiffs' claim but also any defenses raised by the defendant." Haxhi v. Moss, 25 Conn. App. 16,20, 591 A.2d 1275 (1991). See also General Statutes §52-278d(a)(1). "In acting on a prejudgment remedy motion, the trial court must evaluate the arguments and evidence produced by both parties to determine whether there is probable cause to sustain the validity of the plaintiff's claim. . . . [T]he trial court, vested with broad discretion, need determine only the likely success of the plaintiffs' claim by weighing probabilities."Tyler v. Schnabel, supra, 34 Conn. App. 219. "Civil probable cause constitutes a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a person of ordinary caution, prudence and judgment, under the circumstances, in advancing the action." Id. at 219-20. "In addition, the trial court has the responsibility, after the adversarial evidentiary hearing, to consider not only the validity of the claim but also the amount that is being sought."Giordano v. Giordano, 39 Conn. App. 183, 206, 664 A.2d 1136
(1995).
In the instant matter, the defendants argue that because no bills were presented in regard to the alleged fees owed, the plaintiff has failed to establish probable cause for its claim. In an application for a PJR, "damages need not be established with precision but only on the basis of evidence yielding a fair and reasonable estimate. . . . Facts must be presented which are sufficient to enable the court to determine the probable amount CT Page 9640 of the damages involved." (Citations omitted; internal quotation marks omitted.) Burkert v. Petrol Plus of Naugatuck, Inc.,5 Conn. App. 296, 301, 497 A.2d 1027 (1985). A plaintiff can establish the probable amount of damages "in his affidavit, or through testimony at the probable cause hearing, or by documentary proof. . . ." Mullai v. Mullai, 1 Conn. App. 93, 94,468 A.2d 1240 (1983). Moreover, "if there is an uncontradicted statement in an affidavit that the affiant believes that it is probable that a stated sum may be recovered upon a trial, and such belief is founded on reasonable subordinate facts, this will ordinarily be sufficient to support probable cause for an attachment." McCahill v. Town Country Associates, Ltd.,185 Conn. 37, 39, 440 A.2d 801 (1981), citing Ledgebrook CondominiumAssn., Inc. v. Lusk Corp., 172 Conn. 577, 585, 376 A.2d 60
(1977).
In support of its PJR application, the plaintiff submitted a copy of the signed agreement, the affidavit of Cheryl Heffernan, and the affidavit of Pamela McMahon, a bookkeeper employed by the plaintiff. The agreement sets forth the fee arrangement between the parties for both pretrial and trial fees. In exchange for the plaintiff's services, the agreement required the defendants to pay an initial nonrefundable retainer fee of $10,000, with such fee being "partial payment for services pertaining to costs of pretrial preparation. . . ." If the case went to trial, the defendants were to be billed at a variable hourly rate. Heffernan, in her affidavit and testimony, states that the plaintiff provided representation to Douglas McCarroll through trial. The defendants did not contest this. Heffernan and McMahon both testified that the amount due to the plaintiff is now $35,823.59. Both also recite this in their respective affidavits. The amount of the fee owed to the plaintiff has also not been contested.
The defendants insist that the parties agreed that Tim Moynahan, not Heffernan, was to represent their son in his legal matter. Moynahan is a partner in the plaintiff law firm and according to the defendant's testimony, has known the defendants for approximately 40 years. The defendants also argue that at the time the agreement was signed, the parties had an oral understanding that, contrary to the agreement, the defendant would not pay any more then the $10,000 retainer in that they were financially unable to do so.
Even if the foregoing allegations of the defendants are later CT Page 9641 found to be true, the plaintiff has still presented sufficient evidence to meet the statutory probable cause standard. See TieCommunications, Inc. v. Kopp, 218 Conn. 281, 293, 589 A.2d 329
(1991); Union Trust Company v. Borrelli, Superior Court, judicial district of New Haven, Docket No. 361479 (February 20, 1996, DeMayo, S.T.R.). The testimony, affidavits, and exhibits submitted to this court establish the requisite probable cause needed at a PJR hearing. Additional evidence, such as a bill, is not necessary at this stage in the proceedings. Cf. Lovesky v.Zeligzon, 20 Conn. App. 139, 143-44, 565 A.2d 1 (1989); Burkertv. Petrol Plus of Naugatuck, Inc., supra, 5 Conn. App. 301-02;Mullai v. Mullai, supra, Conn. App. 94; Branford Savings Bank v.Pelliccio, Superior Court, judicial district of New Haven, Docket No. 323545 (February 19, 1992, Hodgson, J.); Bank of New York v.Cocozza, Superior Court, judicial district of Danbury, Docket No. 306917 (October 22, 1991, Fuller, J.).
The court finds there is a reasonable probability that at trial, the plaintiff will be able to prove the validity of the alleged transaction and the amount of the claim. Therefore, there is a probability of validity of this action. Nothing more is required. Fischel v. TKPK, Ltd., supra, 34 Conn. App. 26.
At the hearing, the defendants asked that if the court was to grant the PJR, could such attachment be limited to the defendants property located at 4 Bittersweet Avenue, Milford, Connecticut. The plaintiff contends that since there was no expert testimony as to the value of the properties, the court should order the attachment of all three of the defendants' properties.
General Statutes § 52-278d(a) states in relevant part that "[i]f the court . . . finds that the plaintiff has shown probable cause that such a judgment will be rendered in the matter in the plaintiff's favor in the amount of the prejudgment sought and finds that a prejudgment remedy securing the judgment should be granted, the prejudgment remedy applied for shall be granted as requested or as modified by the court." (Emphasis added.)[1]
"It is well settled that an owner of property is competent to testify as to [the property's] market value." Watson v. Watson,20 Conn. App. 551, 560, 568 A.2d 1044 (1990), quoting Misisco v.La Maita, 150 Conn. 680, 684, 192 A.2d 891 (1963). In 1973, the defendants obtained the property located at 4 Bittersweet Avenue, Milford. In 1989, the defendants' placed this property in a CT Page 9642 revocable inter vivos trust. The defendants have continued to use this property as a summer home. The testimony of Bernice McCarroll indicated that the value of the Milford property is between $80,000 and $90,000. Despite the plaintiff's contention that this testimony is conflicting, this court finds such testimony credible and finds the value of the Milford property to be between $80,000 and $90,000.
The court understands the plaintiff is allowed reasonable latitude in determining how much property to attach, yet "[t]he value of the goods or estate ordered to be attached should bear some reasonable relation to the good faith anticipation of recovery." 1 Stephenson, Connecticut Civil Procedure § 41c. Acting pursuant to § 52-278d, this court modifies the requested PJR to attach in the amount of $45,000 only as to the defendants' property located at 4 Bittersweet Avenue, Milford, Connecticut.
PECK, J.