[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Henniker Enterprises, Inc., d/b/a Evans Painting Co., seeks a prejudgment remedy, as authorized by to General Statutes § 52-278a et seq., to attach real estate owned by co-defendant Michael Erlanger. The plaintiff is a painting contractor who performed work at the defendant's home on Angora Road in Westport, pursuant to a written contract signed by defendant Constance Erlanger on behalf of her husband, Michael, who is the record owner of the subject premises. This contract, which is dated May 16, 1996, provides that the plaintiff will perform painting and related services at the subject premises for an agreed price of $17,500.
The evidence at the prejudgment remedy hearing indicated that on August 27, 1996, the plaintiff sent a bill to the Erlangers, hereinafter referred to as the defendants, for the contract price of $17,500, plus materials costing $2,925. This bill also acknowledged receipt of $12,000 from the defendants, for a total due of $8,425, which the defendants paid in full. The controversy arose when the plaintiff sent the defendants another bill dated September 9, 1996, in the amount of $9,965, claiming an additional 359 hours of labor at $25 an hour. The evidence further indicates that the defendants did request that the plaintiff perform extra work not included in the original contract including painting the basement, new bookcases in the family room, and in other rooms.
The defendants have refused to pay this second bill, claiming that the painting and related services performed were done in a defective and unworkmanlike manner in a number of respects. The defendants also dispute the accuracy of the claim by the plaintiff that 359 hours were spent on the extra painting services as claimed in the invoice dated September 9, 1996. CT Page 4393
A court may grant a prejudgment remedy "[i]f the court, upon consideration of the facts before it and taking into account any defenses, counterclaims or set-offs, claims of exemption and claims of adequate insurance, finds that the plaintiff has shown probable cause that such a judgment will be rendered in the matter in the plaintiff's favor in the amount of the prejudgment remedy sought and finds that a prejudgment remedy securing the judgment should be granted, the prejudgment remedy applied for shall be granted as requested or as modified by the court." General Statutes § 52-278d (a)(4). "Prejudgment remedy proceedings do not address the merits of the action; they concern only whether and to what extent the plaintiff is entitled to have property of the defendant held in the custody of the law pending adjudication of the merits of that action. . . . [T]he trial court, vested with broad discretion, need determine only the likely success of the plaintiff's claim by weighing probabilities. . . . Civil probable cause constitutes a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a person of ordinary caution, prudence and judgment, under the circumstances, in advancing the action" (Citations omitted; internal quotation marks omitted.) Tyler v. Schnabel, 34 Conn. App. 216, 219-20,641 A.2d 388 (1994).
Discovery and a full trial on the merits will provide the defendants ample opportunity to develop their claim of faulty workmanship on the part of the plaintiff, but at this stage of the proceedings the court would not be able to draw this conclusion, particularly in the light of the testimony of Brian McHugh, the general contractor for the renovation of the defendants' home. This witness, who was on the subject premises most of the time relevant to this action, and who was called by the defendants, testified that the painters used by the plaintiff were "excellent, conscientious and neat." The evidence also indicated that the defendants were sufficiently pleased with the painters to give them cash tips of $700.
In terms of the amount of the attachment claimed by the plaintiff, the first invoice for $9,965 charged labor at $25 an hour, whereas a subsequent bill charged $30 an hour, a difference of $1,795, and the second invoice also added for the first time a charge of $1,696.20 for sales tax. In terms of time spent on the project, the plaintiff sent a breakdown of the 359 hours allegedly spent on the additional work ordered by the defendants, which included 268 hours for the basement and new bookcases in CT Page 4394 the family room. The basement had two sections, 20 feet by 22 feet, and another of 13 feet by 16 feet, with 7 foot ceilings. The plaintiff painted the walls and floors, and the court agrees with the witness McHugh that 268 hours spent on that painting and some new bookcases in the family room appear excessive.
Although a different result could ensue when these issues are fully explored at a trial, at this stage of the proceedings the plaintiff has shown probable cause that a judgment in its favor will be rendered. Hence, a prejudgment remedy of an attachment may issue against the defendants' realty on Angora Road, Westport, but not for $14,900, the amount sought by the plaintiff. Taking half of the hours allegedly spent on the basement and bookcases at a rate of $25 an hour would result in a debt of $5,625. Adding the cost of material, interest and attorney's fees, which are payable in the event that the plaintiff ultimately prevails, results in a total recovery of $8,700, for which amount an attachment of the subject premises may issue. General Statutes § 52-278k ("[t]he court may . . . modify the prejudgment remedy requested as may be warranted under the circumstances.")
So Ordered.
Dated at Stamford, Connecticut, this 16th day of April, 1997.
William B. Lewis, Judge