[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, Phillip B. Swaim, an attorney, is suing his former client, James E. Kovacs, and John F. Wharton, Jr., Esquire, an attorney who succeeded the plaintiff as defendant Kovacs' lawyer. The plaintiff is attempting to recover legal fees CT Page 6575 for representation relating to an automobile accident occurring in May of 1985, in which Mr. Kovacs was injured. The action is based on the alleged breach of a contingent fee agreement. The plaintiff seeks a prejudgment remedy, as authorized by General Statutes § 52-278a et seq., to attach the residential real estate of the two defendants in the amount of $75,000.
The evidence at the prejudgment remedy hearing indicates that Mr. Kovacs hired Attorney Swaim in June of 1985 to represent him in connection with his injuries. They entered into a contingent fee agreement dated June 13, 1985. Attorney Swain brought suit on behalf of Mr. Kovacs in 1987 in Danbury Superior Court in an action entitled "Kovacs v. Laverty." On or about June 28, 1989, Mr. Kovacs terminated his lawyer-client relationship with the plaintiff and retained Attorney Wharton to represent him. The plaintiff turned his file over to Attorney Wharton, who agreed to split his contingent fee with his predecessor counsel, Attorney Swaim.
In February of 1990, the "Kovacs v. Laverty" case was settled for $260,000, and Attorney Wharton obtained his contingent fee. The defendants declined to pay any legal fees to the plaintiff. In July, 1990, the plaintiff wrote to Attorney Wharton demanding his share of the attorney fees and threatening suit if not paid.
The defendants claim that the six-year statute of limitations governing a breach of a written contract, General Statutes §52-576, expired before this suit began.[1] The plaintiff filed this action on March 20, 1997.
A court may grant a prejudgment remedy "[i]f the court, upon consideration of the facts before it and taking into account any defenses, counterclaims or set-offs, claims of exemption and claims of adequate insurance, finds that the plaintiff has shown probable cause that such a judgment will be rendered in the matter in the plaintiff's favor in the amount of the prejudgment remedy sought and finds that a prejudgment remedy securing the judgment should be granted, the prejudgment remedy applied for shall be granted as requested or as modified by the court." General Statutes § 52-278d (a)(4). "Prejudgment remedy proceedings do not address the merits of the action; they concern only whether and to what extent the plaintiff is entitled to have property of the defendant held in the custody of the law pending adjudication of the merits of that action . . . [T]he trial court, vested with broad discretion, need determine only the CT Page 6576 likely success of the plaintiff's claim by weighing probabilities. . . . Civil probable cause constitutes a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a person of ordinary caution, prudence and judgment, under the circumstances, in advancing the action" (Citations omitted; internal quotation marks omitted.) Tyler v. Schnabel, 34 Conn. App. 216,219-20, 641 A.2d 388 (1994).
It is evident that the six-year statute of limitations for written contracts, which began to run in July, 1990, had expired when this suit was commenced in March, 1997. The plaintiff, however, argues that this action comes within an exception that provides that a continuing course of conduct effectively tolls the statute of limitations. In support of his position, the plaintiff cites Sanborn v. Greenwald,39 Conn. App. 289, 664 A.2d 803, cert. denied, 235 Conn. 925, 666 A.2d 1186
(1995).
"In order [t]o support a finding of a `continuing course of conduct' that may toll the statute of limitations there must be evidence of the breach of a duty that remained in existence after commission of the original wrong related thereto. That duty must not have terminated prior to commencement of the period allowed for bringing an action for such a wrong. . . . Where we have upheld a finding that a duty continued to exist after the cessation of the `act or omission' relied upon, there has been evidence of either a special relationship between the parties giving rise to such a continuing duty or some later wrongful conduct of a defendant related to the prior act. . . ." (Internal quotations omitted.) Blanchette v. Barrett,229 Conn. 256, 275, 640 A.2d 74 (1994).
In the present case, it is undisputed that the plaintiff did not continue to represent the defendant Kovacs after 1989. The plaintiff's legal services were terminated at that time and there was no continuing or special relationship to toll the statute. The cause of action commenced when the defendants refused to pay the plaintiff in 1990. More than six years passed before the plaintiff commenced this suit.[2]
The plaintiff's citation of Sanborn v. Greenwald, supra, 39 Conn. App. 289, is of no assistance to his position because the case concerns legal malpractice, and not breach of CT Page 6577 contract. The court points out that the continuing course of conduct exception requires, for example, an on-going relationship, a situation where it is impossible to pinpoint the exact date of an act or omission, negligence consisting of a series of acts or omissions, or a continuing failure to warn of dangers. None of these examples applies to the present case where the plaintiff claims that the defendants each breached a contract to pay him a legal fee. Therefore, the plaintiff has failed to show probable cause that he will prevail on the claim that the statute was tolled by a continuing course of conduct.
The plaintiff also contends that he is entitled, on the basis of the fee sharing agreement,[3] to a share of the legal fees obtained by Attorney Wharton in connection with a successful underinsured motorist claim by the defendant Kovacs against his own insurance carrier, the Peerless Insurance Company. Mr. Kovacs recovered $90,000 on February 14, 1995, and Attorney Wharton obtained a legal fee for representing Mr. Kovacs. The plaintiff claims that the statute of limitations did not commence to run until Attorney Wharton refused to share such legal fees with the plaintiff in 1995.
This argument by the plaintiff is based on his contention that he is entitled to share in the fees obtained from the underinsured motorist claim. However, neither the fee sharing agreement with Attorney Wharton nor the contingent fee contract with the defendant Kovacs mentions or includes such a claim. Hence, the plaintiff has not shown probable cause that he is entitled to share in such fees. It follows that the refusal to share legal fees in this regard did not commence the running of the statute of limitations in 1995 as claimed by the plaintiff.
Of course, discovery and a full trial on the merits will provide the plaintiff ample opportunity to develop his claims more fully. At this stage of the proceedings, however, the plaintiff has not shown probable cause that a judgment will enter in his favor. Hence, the plaintiff's application for a prejudgment remedy consisting of an attachment of the realty of the defendants is denied.
So Ordered.
Dated at Stamford, Connecticut, this 27th day of May, 1998.
William B. Lewis, Judge CT Page 6578