[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff, M M Wall Street Associates, LLC, seeks a prejudgment remedy, as authorized by General Statutes § 52-278a et seq., to attach real estate owned by the defendant, Jay Maffucci. The plaintiff was the tenant of the defendant landlord at premises located at 7 Wall Street in Norwalk pursuant to a one year written lease which was due to expire on May 31, 1998.
The evidence at the prejudgment remedy hearing indicated that the premises were leased to the tenant for the purpose of operating a restaurant. The rent was $2,000 a month. The plaintiff deposited with the defendant a security deposit of $26,500. According to the lease, this amount could be applied to any deficiency in rent payments. The plaintiff was given an option to purchase the premises at 7 Wall Street for $225,000, and the security deposit was designated as a "non-refundable" credit against the purchase price. If, however, the sale did not go through because of fault on the part of the defendant, then the security deposit would be refunded to the plaintiff.
The plaintiff failed to pay the rent due for the months of March and April, 1998. On April 13, 1998, the defendant entered the premises without consent of the plaintiff and changed the locks, thereby preventing the plaintiff from accessing the demised premises.
The plaintiff started a separate replevin action in this court and during the pendency of that case, the parties agreed that the plaintiff could reenter the premises and remove various items of personal property it had placed in the demised premises over the course of the lease. It was further agreed that two items would not be removed because of a dispute over their CT Page 15401 ownership, viz., a walk-in cooler and the air filter system.
The plaintiff testified that a number of items were missing when it reentered the subject premises, and that the defendant refused to permit the removal of a number of other items belonging to the plaintiff. Among the items in the first category were food, liquor and cigars, totaling approximately $7,300. In the latter category were window treatments, a number of recycling filters, bar lights, two chandeliers, charbroiler grill, kitchen equipment, stainless steel tables and shelves, beer taps, and disc jockey equipment, allegedly totaling about $14,600. The plaintiff seeks an attachment of $33,800, which includes the purchase of a new walk-in cooler for $9,000 to be used at another restaurant that the plaintiff was intending to open on or about July 1, 1998.
The complaint is in four counts. In the first count, the plaintiff alleges "forcible entry and detainer" in violation of General Statutes § 47a-43.[1] The second count alleges that the defendant locked the plaintiff out of the demised premises "without adequate notice or civil process." The plaintiff seeks an attachment solely on those two counts, not on the third and fourth counts of its complaint which allege conversion and a violation of General Statutes § 42-110a et seq., the Connecticut Unfair Trade Practices Act (CUTPA), respectively.
"If the court, upon consideration of the facts before it and taking into account any defenses, counterclaims or set-offs, claims of exemption and claims of adequate insurance, finds that the plaintiff has shown probable cause that such a judgment will be rendered in the matter in the plaintiff's favor in the amount of the prejudgment remedy sought and finds that a prejudgment remedy securing the judgment should be granted, the prejudgment remedy applied for shall be granted as requested or as modified by the court." General Statutes § 52-278d(a)(4). "Prejudgment remedy proceedings do not address the merits of the action; they concern only whether and to what extent the plaintiff is entitled to have property of the defendant held in the custody of the law pending adjudication of the merits of that action . . . [T]he trial court, vested with broad discretion, need determine only the likely success of the plaintiff's claim by weighing probabilities . . . Civil probable cause constitutes a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a person of ordinary caution, prudence and judgment, under the circumstances, in CT Page 15402 advancing the action." (Citations omitted; internal quotation marks omitted.) Tyler v. Schnabel, 34 Conn. App. 216, 219-20,641 A.2d 388 (1994).
In attempting to justify his entering the demised premises prior to the expiration of the lease, the defendant relies on a provision of the lease which states that if the tenant, the plaintiff in this action, is in default in the payment of rent, the defendant "may reenter the Demised Premises without process of law." General Statutes § 47a-43, however, provides that a landlord such as the defendant may not, upon default of a tenant, retake the premises from one who is in actual and lawful possession without process of law. Freeman v. Alamo ManagementCompany, 221 Conn. 674, 677, 607 A.2d 370 (1992).[2] In reentering the demised premises and locking the plaintiff out, the defendant violated this statute and therefore the plaintiff is entitled to monetary damages that it can prove are justified. In addition, General Statutes § 47a-4(a) provides that a lessor cannot include in a lease a waiver provision permitting the lessor to reenter the demised premises without a summary process action, and that any such waiver provision is unenforceable. To the same effect is General Statutes § 47a-16. The defendant argues that these statutes apply only to residential dwellings, not commercial leases. However, Berlingov. Sterling Ocean House, Inc., 5 Conn. App. 302, 306,504 A.2d 516 (1986), rev'd on other grounds, 203 Conn. 103,523 A.2d 888 (1987), in discussing General Statutes § 47a-43, stated that the statute also applied to commercial leases. There would be no particular reason why this holding would not apply to §§ 47a-4(a) and 47a-16, since all three statutes are in the same chapter.
Discovery and a full trial on the merits will, of course, provide the defendant ample opportunity to develop his claim that the plaintiff waived the necessity of the defendant proceeding with summary process and/or abandoned the premises prior to the defendant's reentry on April 13, 1998. However, at this stage of the proceedings, the plaintiff has shown probable cause that a judgment for monetary damages will be rendered in its favor.
The defendant also contends that the plaintiff sold or removed a number of items that belonged to the defendant, but he did not prove this contention. In any event, the defendant has the security deposit referred to previously, which presumably can CT Page 15403 be used to off-set any such losses that are proved at trial.
As to the amount of the attachment, the plaintiff is entitled to its actual damages for the items that are missing and for those items of personalty still on the premises which the defendant refuses to release, in the approximate amount of $21,950, excluding the walk-in cooler, the ownership of which remains in contention. The plaintiff has sustained its burden of proof as to the value of the various items described previously. Any difficulties in being more mathematically precise about value were caused at least in part by missing books and records, which the plaintiff testified were on the premises at the time of the forced entry by defendant and lock-out, but were missing at the time of the plaintiff's reentry as part of the replevin action. After adding interest and costs, which will be payable in the event that the plaintiff ultimately prevails, an attachment in the amount of $24,000 of the defendant's real property at 7 Wall Street, Norwalk may issue. General Statutes § 52-278k ("[t]he court may . . . modify the prejudgment remedy requested as may be warranted under the circumstances").
So Ordered.
Dated at Stamford, Connecticut, this 30th day of December, 1998.
William B. Lewis, Judge