[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an application for a prejudgment remedy. General Statutes 52-278a et seq. The plaintiff is an assisted living facility located in Farmington. The defendants are Richard Fischer, the current conservator of the incapable estate of Mildred Covello, and Frank Covello, the husband of Mildred Covello.
The plaintiff's affidavit in support of an attachment and its unsigned complaint allege that Mildred Covello entered the plaintiff's facility on August 19, 1997, and was a patient there until June 12, 1998. The plaintiff further alleges that at the time of admission, Mildred Covello's daughter, Vickie S. Dudas, who was then acting as her mother's conservatrix, signed an agreement promising to pay the plaintiff for services rendered to her mother and ward. The plaintiff also contends that the sum of $18,449.22 is owing and remains unpaid.
The suit against Mildred Covello's husband is based on General Statutes § 46b-37. This statute makes one spouse liable for hospital expenses furnished to the other spouse unless the latter abandons the first spouse "without cause."
The standard for the granting of an attachment is well known. "[I]f the court, upon consideration of the facts before it and taking into account any defenses, counterclaims or set-offs, claims of exemption and claims of adequate insurance, finds that the plaintiff has shown probable cause that such a judgment will be rendered in the matter in the plaintiffs favor in the amount of the prejudgment remedy sought and finds that a prejudgment remedy securing the judgment should be granted, the prejudgment remedy applied for shall be granted as requested or as modified by the court." General Statutes § 52-278d (a)(4).
It is also axiomatic that "[p]rejudgment remedy proceedings do not address the merits of the action; they concern only whether and to what extent the plaintiff is entitled to have property of CT Page 1900 the defendant held in the custody of the law pending adjudication of the merits of that action. . . . [T]he trial court, vested with broad discretion, need determine only the likely success of the plaintiffs claim by weighing probabilities. . . . Civil probable cause constitutes a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a person of ordinary caution, prudence and judgment, under the circumstances, in advancing the action." (Citations omitted; internal quotation marks omitted.) Tyler v.Schnabel, 34 Conn. App. 216, 219-20, 641 A.2d 388 (1994).
The plaintiff has demonstrated that it will likely prevail on its claim that it furnished care to Mildred Covello for over a ten month period, that the charges were reasonable, and that the services rendered were adequate and satisfactory. Therefore, the only issue is whether the defenses proffered by the defendants result either in a diminution of the damages, or in a complete abrogation of any recovery.
The conservator presents two defenses. The first is that the identity of the named plaintiff is suspect at best. However, the plaintiff subsequently amended its moving papers to substitute "Manor Care of Darien, Inc." as the plaintiff, which, at least for the purposes of this proceeding, solves any possible problems in this regard.
The second defense is that the plaintiff "dumped" Mrs. Covello at the University of Connecticut Health Center, the John Dempsey Hospital, without justification but rather only as a pretext to get rid of a resident who was not paying her bill to the plaintiff. The evidence indicates Mrs. Covello was first taken to that hospital on June 11, 1998, where she was examined, not admitted and was returned to the plaintiffs facility. The next day, Mrs. Covello was again transferred by ambulance to John Dempsey where she remained several days, was then discharged to her marital home and subsequently admitted to Greenwich Hospital. The plaintiff did not take her back the second time because it made the judgment, based on a review by an advisory physician and a registered nurse, that Mrs. Covello was in need of skilled nursing care.
The evidence discloses that the plaintiff had ample justification for its transportation of Mrs. Covello to the hospital. The executive director of the plaintiff, Sheila King, whose testimony was credible, stated that the reason Mrs. Covello CT Page 1901 was sent to John Dempsey was because about two weeks prior thereto, "she began to have sinkable (sic) episodes, fainting, losing consciousness, and other episodes which required the assistance of two people to respond on the floor a number of times. She had to be lifted and put back into her bed on a number of occasions." This witness also testified as to Mrs. Covello's incontinence, agitation, aggressiveness, fainting and collapsing. "Her behavior had become increasingly aggressive toward other residents." Also, there was testimony that these events "began to increase in frequency." When Mrs. Covello was first sent to the hospital, Director King testified that the staff was unable to "arouse her when she lost consciousness, we were not able to arouse her, that's when the ambulance was called after several episodes of that type." On the next day, Mrs. Covello was described as "lost consciousness. Again, similar — trembling, tremors, inability to communicate, inability to be aroused."
The defendant conservator also argues that the plaintiff is not entitled to compensation for services rendered to Mrs. Covello because it violated its own "Move-Out Criteria." These rules require a 30 day advance notice of discharge unless "a shorted term is necessary to protect the safety and health of the resident, our other residents or staff." The defendant conservator did not sustain his defense on this point because Mrs. Covello's medical situation deteriorated too rapidly to afford such a notice.
The defendant conservator also contends that the plaintiff violated General Statutes § 19a-535 (c), which also requires advance notice and certain safeguards to a patient who is about to be discharged. However, there is again an exception to this statute "where the health or safety of individuals in the facility are endangered . . . or where immediate transfer or discharge is necessitated by urgent medical needs."
Thus, the more credible evidence leads to the conclusion that the defenses offered by the defendant conservator do not impact on the finding of probable cause as to that defendant.
With regard to the liability of the defendant husband, Frank Covello, who is approximately 80 years old, the only issue is whether his spouse, Mildred, abandoned him "without cause." The evidence disclosed that their daughter, Vickie Dudas, removed her mother from the marital residence in January, 1997, to her own home, also in Greenwich, about eight months before entering her CT Page 1902 mother in the plaintiff's facility.
Vickie Dudas testified that the reason she removed her mother from the marital home was because her father was "neglective and abusive" to her mother, that he abused alcohol, that the marital home had "horrible conditions, that one day she found her mother eating rotten cheese, and her father "inebriated on the floor."[1]
Based on this testimony, which is found to be credible, Mrs. Dudas was justified in taking her mother to her own home and Mrs. Covello cannot be deemed to have abandoned her husband, the defendant Frank Covello, "without cause." This defendant also seeks to avail himself as General Statutes § 46b-37 (d), as another justification for not paying the plaintiff for services rendered to his spouse. This statute provides that no action may be taken against a spouse who, during a period of separation, furnishes reasonable support to the other spouse. Although Mr. Covello maintained the family home, where he himself was residing, during the period that his spouse was not with him, the reasonable support envisaged by the statute was payment of the plaintiffs bill for services rendered his wife, which he did not do. Thus, General Statutes § 46b-37 (d) does not justify this defendant in refusing to pay the plaintiff.
Based on the foregoing it is this court's opinion that the plaintiff has shown probable cause that it will prevail. Of course, after discovery and a full hearing on the merits, a different result might well ensue, but, at this stage of the proceedings, the plaintiff has adequately demonstrated probable cause that it will prevail, notwithstanding the defenses by the defendants. Thus, an attachment in the amount of $20,000 may issue in favor of the plaintiff with respect to property located at 5 Stonehedge Drive South, in Greenwich, jointly owned by the defendant Frank Covello, and the defendant conservator's ward, Mildred Covello.
Dated at Stamford, Connecticut, this 14 day of February, 2000.
William B. Lewis, Judge