[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE:
CT Page 8745 APPLICATION FOR PREJUDGMENT REMEDY FILED BY THE PLAINTIFF, RUG MAXX
The plaintiff, Rug Maxx, filed an amended three count complaint on November 18, 1999,[1] against the defendant, Richard Smith. The complaint alleges that the plaintiff is and was a sole proprietorship doing business as Rug Maxx. The defendant was a principal of and operated a business known as Furniture Expo, Inc. (Furniture Expo), and consigned rugs from the plaintiff. Count one alleges that the defendant breached and defaulted on the terms of the consignment agreement by refusing to pay the balance due to the plaintiff, plus interest. Count two alleges that the defendant violated the Connecticut Unfair Trade Practices Act. Count three alleges that the defendant committed theft and conversion of the plaintiff's property by selling and otherwise disposing of the rugs without paying the plaintiff.
The plaintiff filed an application for a prejudgment remedy on July 19, 1999, and the defendant filed an objection on December 14, 1999. The court held an evidentiary hearing on December 14, 1999. The parties filed briefs on April 3, 2000.
General Statutes § 52-278d (a) provides in relevant part that "[i]f the court, upon consideration of the facts before it and taking, into account any defenses . . . finds that the plaintiff has shown probable cause that such a judgment will be rendered in the matter in the plaintiff's favor in the amount of the prejudgment remedy sought and finds that a prejudgment remedy securing the judgment should be granted, the prejudgment remedy applied for shall be granted as requested or as modified by the court." "In acting on a prejudgment remedy motion, the trial court must evaluate the arguments and evidence produced by both parties to determine whether there is probable cause to sustain the validity of the plaintiff's claim." (Internal quotation marks omitted.)East Lyme v. Wood, 54 Conn. App. 394, 397, 735 A.2d 843 (1999). "[T]he trial court, vested with broad discretion, need determine only the likely success of the plaintiff's claim by weighing probabilities." (Internal quotation marks omitted.) Tyler v. Schnabel, 34 Conn. App. 216, 219,641 A.2d 388 (1994). "Civil probable cause constitutes a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a person of ordinary caution, prudence and judgment, under the circumstances, in advancing the action." Id., 219-20. "The plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim." (Internal quotation marks omitted.) Id., 220. CT Page 8746
The plaintiff argues that the defendant is personally liable to the plaintiff for the amount of the balance due to the plaintiff by the defendant's corporation. The plaintiff argues that "the plaintiff's requirement of personal guarantee from the principals of the corporation was a term that was know [sic] to be an absolute requirement by the plaintiff." (Plaintiff's brief, p. 3.) The plaintiff argues that Amir Hashemi, the plaintiff's spouse who has experience as a direct importer and seller of oriental rugs and carpets, "testified that his previous business dealings were with the Smiths personally and that it was not his business practice to risk such valuable merchandise to a corporation in its infancy." (Plaintiff's brief, p. 3.) The plaintiff further argues "that the contents of the documents and terms contained therein make [the defendant] personally liable to the plaintiff." (Plaintiff's brief, p. 10.) The plaintiff argues that the defendant concedes that he authorized John Bucknell, the rug department manager and team leader for the defendant's business, to sign the consignment memorandum. Furthermore, the plaintiff argues that Bucknell "testified that at the meeting of July 14, 1995, he was specifically instructed by the defendant . . . to sign the memorandum." (Plaintiff's brief, p. 10.) The plaintiff also argues that the defendant is liable for breaching the contract because the essence of the contract is that the defendant is liable for the debts of his business by virtue of a personal guarantee clause in the consignment memorandum between the parties. The plaintiff acknowledges that the promise to pay is subject to General Statutes § 52-550,[2] the statute of frauds, but argues that the consignment memorandum satisfies the statute.
The defendant argues that the consignment memoranda does not legally bind Furniture Expo or the defendant because there is no agency relationship between Bucknell and either Furniture Expo or the defendant. The defendant also argues that he "never verbally authorized Bucknell or any other individual to act for either the corporation or [the defendant] personally." (Defendant's brief, p. 3.) The defendant also argues "that neither Bucknell nor the other individuals executed the Consignment Memoranda in a representative capacity for Furniture Expo or for Smith; rather only their personal signatures appear on the forms." (Defendant's brief, p. 3.) The defendant further argues that he did not give them written authorization to act for either the corporation or the defendant personally and that neither Bucknell nor any other individuals executed the consignment memorandum in a representative capacity for either the corporation or the defendant. (Defendant's brief, p. 3.) The defendant argues that, in order for the consignment memoranda to bind the corporation or the defendant personally, the plaintiff must prove an agency relationship between Bucknell, or any other individual who signed the consignment memoranda, and the corporation. CT Page 8747
According to the consignment memoranda, the rugs were consigned to Furniture Expo. The consignment memoranda state that it is subject to certain terms printed on the back of the consignment memoranda. According to these terms, the "rugs are forwarded to the Consignee and accepted by him (it) to be held and exhibited by the Consignee as the property of RUGMAXX." (Consignment memoranda.) The terms further state that "[t]he Consignee hereby guarantees and if a corporation, the principals of the corporation severally guarantee the payment to RUGMAXX of the invoice price of all rugs delivered . . . ." (Consignment memoranda, ¶ 2.) The terms of this memoranda clearly state that "the principals of the corporation severally guarantee the payment to RUGMAXX." There is no dispute that the defendant is a principal of Furniture Expo, the consignee.
The issue remains as to whether Bucknell had the authority to sign the consignment memoranda, thereby accepting its terms. "[T]he three elements required to show the existence of an agency relationship include: (1) a manifestation by the principal that the agent will act for him; (2) acceptance by the agent of the undertaking; and (3) an understanding between the parties that the principal will be in control of the undertaking. . . . A principal is generally liable for the authorized acts of his agent . . . ." (Citations omitted; internal quotation marks omitted.) Hallas v. Boehmke Dobosz, Inc., 239 Conn. 658, 673,686 A.2d 491 (1997).
During the evidentiary hearing, Bucknell testified that, when the first shipment of oriental rugs was delivered by Rug Maxx, he wanted clarification regarding who was responsible for the invoices. He testified that there was a meeting with Drew Talbert, the general manager, the Smith brothers, and himself. During this discussion, Richard Smith raised a practical concern as to receiving and accepting the goods because neither of the Smiths would always be available for signing the consignment memoranda. (Plaintiff's brief, p. 4.) "Richard Smith then instructed that the manager of the rug department would sign and accept responsibility of the goods." (Plaintiff's brief, p. 4.) Bucknell testified at the evidentiary hearing that he was authorized to sign the invoices, accepting the delivery for Furniture Expo. "From the date of the first delivery to the last, the manager of the rug department signed and accepted over 140 consignment memorand[a] . . . over the course of approximately one year." (Plaintiff's brief, p. 4.) The plaintiff also argues that the defendant's personal guarantee was an absolute requirement. (Plaintiff's brief, p. 3.)
The defendant, however, argues that he never gave written or verbal authority to Bucknell or to any other individual to bind Furniture Expo. (Defendant's brief, p. 5.) The defendant argues that the plaintiff cannot CT Page 8748 demonstrate that Bucknell had apparent authority. (Defendant's brief, p. 6.) "Apparent authority is that semblance of authority which a principal, through his own acts or inadvertences, causes or allows third persons to believe his agent possesses. . . . Consequently, apparent authority is to be determined, not by the agent's own acts, but by the acts of the agent's principal. . . . The issue of apparent authority is one of fact to be determined based on two criteria. . . . First, it must appear from the principal's conduct that the principal held the agent out as possessing sufficient authority to embrace the act in question, or knowingly permitted [the agent] to act as having such authority. . . . Second, the party dealing with the agent must have, acting in good faith, reasonably believed, under all the circumstances, that the agent had the necessary authority to bind the principal to the agent's action." (Citations omitted; internal quotation marks omitted.) Tomlinson v. Boardof Education, 226 Conn. 704, 734-35, 629 A.2d 333 (1993). "Apparent authority terminates when the third person has notice that: (1) the agent's authority has terminated; (2) the principal no longer consents that the agent shall deal with the third person; or (3) the agent is acting under a basic error as to the facts." Id., 735.
For approximately a year, the manager of the rug department at Furniture Expo signed the consignment memoranda. The signature on consignment memoranda was followed by the word "consignee." The terms on the back of the consignment memoranda clearly state that "the principals of the corporation severally guarantee the payment to RUGMAXX of the invoice price of all rugs delivered. . . ." (Consignment memoranda, ¶ 2.) Furthermore, Bucknell testified that the defendant gave him authority to sign the consignment memoranda to accept the delivery of the rugs.
The court finds that there is probable cause that a judgment in the amount of the prejudgment remedy will be rendered in the matter in the plaintiff's favor. The plaintiff's application for a prejudgment remedy is granted.
The Court
By ______________ Grogins, J.