ELIZABETH CLARK *v.* FRED DAMIANI
(5448)

HULL, BORDEN and DALY, Js.

Submitted on briefs September 1—decision released September 30, 1987

*James L. Radda* filed a brief for the appellant (defendant).

*Barbara E. Crowley* filed a brief for the appellee (plaintiff).

PER CURIAM. The plaintiff brought suit for damages arising out of a lengthy campaign of telephone harassment. The defendant appeals from the trial court's denial of his motion to dissolve a $25,000 prejudgment remedy granted to the plaintiff by the state trial referee, *Hon. Harold M. Mulvey.*

As we have made clear on frequent occasions, the role of the trial court in considering an application for

a prejudgment remedy is a limited one. *Gibbs* v. *Mase,* 11 Conn. App. 289, 295–96, 526 A.2d 7 (1987); *Babiarz* v. *Hartford Special, Inc.,* 2 Conn. App. 388, 393, 480 A.2d 561 (1984). In ruling on the defendant's motion to dissolve, the court was doing no more than "determin[ing] probable success by weighing probabilities." *Three S. Development Co.* v. *Santore,* 193 Conn. 174, 176, 474 A.2d 795 (1984). The trial court has broad discretion to determine the appropriateness of a prejudgment remedy and should "not be overruled in the absence of clear error." Id.

The role of this court in reviewing the court's decision on a prejudgment remedy is extremely limited. "It is not to duplicate the trial court's weighing process, but rather to determine whether its conclusion was reasonable. "In the absence of clear error, this court should not overrule the thoughtful decision of the trial court, which has had an opportunity to assess the legal issues which may be raised and to weigh the credibility of at least some of the witnesses." *Three S. Development Co.* v. *Santore,* supra, 176. Thus, this court's review is limited to whether the trial court's conclusion was reasonable. *Price Saver, Inc.* v. *Maynard,* 5 Conn. App. 90, 91, 496 A.2d 991 (1985).

We find that the conclusion of the court had a reasonable basis and that it did not commit clear error. The court was well within its broad discretion in finding that a jury could reasonably award the plaintiff $25,000 damages based on the evidence it heard.

There is no error.