STATE OF CONNECTICUT *v.* JOHN T. ROBINSON
(5765)

DUPONT, C. J., BORDEN and O'CONNELL, Js.

Argued December 1, 1987—decision released April 12, 1988

*Joette Katz,* public defender, for the appellant (defendant).

*Frederick W. Fawcett,* assistant state's attorney, with whom, on the brief, were *Donald A. Browne,* state's attorney, and *C. Robert Satti, Jr.,* and *Richard F. Jacobson,* assistant state's attorneys, for the appellee (state).

O'CONNELL, J. The defendant appeals from his conviction of one count of possession of heroin with intent

to sell, in violation of General Statutes § 21a-278 (b). The defendant claims the trial court erred by questioning him about his girlfriend's incarceration, and that improper remarks made by the prosecutor during closing argument deprived him of a fair trial. We find no error. The portion of the facts that are relevant to this appeal are recited in the discussion of each of the claimed errors.

## I

On direct examination, the defendant testified that on the night of the crime, he was returning to his girlfriend's house when he was arrested. In an apparent attempt to establish a foundation for a potential adverse inference charge; *Secondino* v. *New Haven Gas Co.*, 147 Conn. 672, 165 A.2d 598 (1960); the state asked the defendant on cross-examination if his girlfriend was "around," and if she was available to testify. The defendant responded that his girlfriend was "in Niantic." The following day, after counsel for both parties had completed their questioning, the trial court raised the matter of the defendant's responses concerning his girlfriend's whereabouts, indicating that the meaning of "Niantic" was not clear to the jury. Defense counsel objected, whereupon the court asked the defendant directly, "Where is she?" and the defendant responded, "She is at Niantic prison for women." The girlfriend was not a witness nor was her character in issue.[1]

It is rudimentary that a trial judge must be circumspect in his conduct and be ever vigilant that his words or manner do not convey his opinion of the case to the jury. *State* v. *Smith,* 200 Conn. 544, 512 A.2d 884 (1986): *State* v. *Camerone,* 8 Conn. App. 317, 513 A.2d

---

[1] The defendant's eleven page request to charge did not request a curative instruction, nor did he move for a mistrial because of the claimed judicial intervention.

718 (1986). To this end, we note that an examination of the record discloses that the trial court did not single out the defendant for questioning, but had been asking questions of both state and defense witnesses throughout the trial.

At trial, defense counsel objected to the court's questioning of the defendant on two grounds: (1) that the subject matter of the questions was not within the scope of the cross-examination of the defendant; and (2) that such questioning was not relevant. The defendant now claims, however, that the defendant's answers to the trial court's questions were potentially prejudicial, and that the court should have, sua sponte, given a jury charge which would have cured any possible prejudice.[2] This claim was not raised at trial, nor was its review requested in this court pursuant to *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576 (1973).

We must apply the holding of our Supreme Court in *State* v. *Brown,* 199 Conn. 14, 29, 505 A.2d 690 (1986), in determining this appeal. In a situation very similar to the present case, the *Brown* court ruled that *"[t]he issues counsel now raises on appeal were not raised at trial.* There was no objection to any remarks made by the trial court to the witness, nor was a motion for a mistrial made or a curative instruction requested. We have nonetheless reviewed the entire transcript of [the witness'] testimony. We are satisfied that the record does not adequately support a claim that the judge's conduct toward the witness deprived the defendant of a fundamental constitutional right and a fair trial. *Therefore, since the defendant's claims were not raised and decided in the trial court, we will not consider them."* (Emphasis added.) Id. The only distinction

[2] In reviewing the entire transcript, we observe that there was such an abundance of evidence concerning the defendant's criminal background and drug use, it is unlikely the slight additional information that he had a girlfriend in prison would have prejudiced his case.

between *Brown* and the present case is that here defense counsel did object in the trial court, but on entirely different grounds from those presented to us. We conclude that the distinction is of no consequence, and that a review of the record indicates a lack of adequate support for the defendant's first claim of error. We therefore decline to consider it further. See *State* v. *Carter,* 198 Conn. 386, 390 n.3, 503 A.2d 576 (1986) (a defendant cannot raise a claim contesting the authenticity of an out-of-state judgment on appeal, when the grounds for objection at trial were only relevancy and undue prejudice).

## II

The defendant's second claim is that he was deprived of a fair trial by fifteen improper remarks made in the prosecutor's closing argument. Of the fifteen remarks now claimed as prosecutorial misconduct, only three were properly preserved by objection and exception. The defendant seeks review of the additional remarks under *State* v. *Evans,* supra, arguing that they implicate his right to a fair trial. *State* v. *Findlay,* 198 Conn. 328, 502 A.2d 921, cert. denied, 476 U.S. 1159, 106 S. Ct. 2279, 90 L. Ed. 2d 721 (1986); *State* v. *Pelletier,* 196 Conn. 32, 33–34, 490 A.2d 515 (1985). The defendant also seeks review under the plain error doctrine. Practice Book § 4185.[3]

Notwithstanding the defendant's argument that each claimed error constitutes reversible error, he relies most heavily on his contention that it is the cumulative effect of all of the improper prosecutorial remarks that mandates reversal. We do not agree with either contention.

---

[3] Practice Book § 4185 provides in pertinent part that "[t]he [appellate court] may in the interest of justice notice plain error not brought to the attention of the trial court."

The defendant claims that through the prosecutor's various and sundry improper remarks he attempted to shift the burden of proof onto the defendant, made personal attacks on the defense, impermissibly attacked or bolstered the credibility of witnesses, misstated evidence, misled the jury on the law and the inferences they could draw, and injected irrelevant and inflammatory considerations into the deliberation process.

A detailed discussion of each of the fifteen prosecutorial comments is not required because we conclude that no comment individually nor all fifteen comments cumulatively, deprived the defendant of a fair trial or constituted plain error.

"Ordinarily, where a criminal defendant does not object and take exception to allegedly prejudicial remarks by the state's attorney, either at the time they were made or at the close of argument, he waives his right to press the claimed error on appeal. Where counsel fails to object or to request a curative charge 'we have presumed that defense counsel did not view the remarks as so prejudicial that his client's right to a fair trial was so seriously jeopardized.' *State* v. *Tyler-Barcomb,* 197 Conn. 666, 673, 500 A.2d 1324 (1985). After carefully reviewing the record, we cannot say that the prosecutor's remarks . . . in this case were so abusive or prejudicial as to support a claim that the defendant has 'clearly been deprived of a fundamental constitutional right and a fair trial.' *State* v. *Evans,* supra. The defendant has therefore waived his right to raise the claim on appeal. See *State* v. *Tyler-Barcomb,* supra, 674." (Citations omitted; footnotes omitted.) *State* v. *Chace,* 199 Conn. 102, 108, 505 A.2d 712 (1986).

*Evans* review has been denied where the claimed misconduct was not a pattern of conduct repeated throughout the trial and was not blatantly egregious. *State* v.

*Bell,* 13 Conn. App. 420, 427, 537 A.2d 496 (1988). The defendant attempts to bootstrap his claimed errors into a pattern of conduct by sheer numbers and by his claim of the errors' cumulative effect. He cannot succeed. Because we do not find that any of the comments were improper, their number is irrelevant. This would not be true if we found that each comment was slightly prejudicial but standing alone did not require reversal. Stringing together numerous prejudicial comments of that nature could rise to a pattern of prosecutorial misconduct that might qualify for *Evans* review. Such, however, is not the scenario in the present case. Further, this court has also declined review under the *Evans* doctrine when the claimed error is not adequately supported by the record; *State* v. *Huff,* 10 Conn. App. 330, 335, 523 A.2d 906, cert. denied, 203 Conn. 809, 525 A.2d 523 (1987); and has recently declined to do so in a similar case claiming prosecutorial misconduct in closing argument. *State* v. *Bell,* supra. For this reason as well, we decline review.

Nor does the defendant fare better under his argument that his unpreserved claims of prosecutorial misconduct should be reviewed under the plain error doctrine. Review under this doctrine "is reserved for truly extraordinary situations where the existence of the error is so obvious that it affects the fairness and integrity of and public confidence in the judicial proceedings." *State* v. *Hinckley,* 198 Conn. 77, 87–88, 502 A.2d 388 (1985). A review of the cases in which plain error has been noticed convinces us that the errors claimed in this case do not rise to the level of "truly extraordinary situations." We therefore decline to review these claims under this doctrine.

The three properly preserved errors are reviewed under the standard that, "the fairness of the trial and not the culpability of the prosecutor is the standard for

analyzing the constitutional due process claims of criminal defendants alleging prosecutorial misconduct." *State* v. *Glenn,* 194 Conn. 483, 497, 481 A.2d 741 (1984). Where it is demonstrated that a prosecutor has made a deliberate attempt to influence a jury through improper argument, a defendant may be entitled to a new trial. We recognize, however, that prosecutors must be afforded a reasonable amount of leeway to allow for the excitement and passion that arises in the heat of argument. *State* v. *Magnotti,* 198 Conn. 209, 220, 502 A.2d 404 (1985).

"In determining whether prosecutorial misconduct was so serious as to amount to a denial of due process, this court, in conformity with courts in other jurisdictions, has focused on several factors. Among them are the extent to which the misconduct was invited by defense counsel or argument . . . the severity of the misconduct . . . the frequency of the misconduct . . . the centrality of the misconduct to the critical issues in the case . . . the strength of the curative measures adopted . . . and the strength of the state's case." (Citations omitted.) *State* v. *Williams,* 204 Conn. 523, 540, 529 A.2d 653 (1987).

Examination of the state's reviewable comments in the present case indicates, inter alia, that they were each made only once, were in rebuttal to a provocative defense argument, did not attack the credibility of the defendant and further, that the state had a strong case. See id.

There is no error.

In this opinion the other judges concurred.