### HOKE INCORPORATED *v.* CIRCUITS, INC.
### (10507)

DUPONT, C. J., O'CONNELL and FREEDMAN, Js.

Argued January 16—decision released March 3, 1992

*Leny K. Wallen-Friedman,* with whom was *Eric Lukingbeal,* for the appellant (plaintiff).

*Katharine Goodbody,* with whom, on the brief, were *Mark Mininberg* and *Julie Harrison,* for the appellee (defendant).

PER CURIAM. This is an appeal by the plaintiff from the denial of its application for a prejudgment remedy. The plaintiff seeks an order from the trial court directing the issuance of a prejudgment attachment, in the amount of $300,000, against certain real property owned by the defendant.

In determining whether to grant an application for a prejudgment remedy, pursuant to General Statutes § 52-278d,[1] "the trial court's function is to determine whether there is probable cause to believe that a judgment will be rendered in favor of the plaintiff in a trial

---

[1] General Statutes § 52-278d (a) provides: "The defendant shall have the right to appear and be heard at the hearing. The hearing shall be limited to a determination of whether or not there is probable cause to sustain the validity of the plaintiff's claim. If the court, upon consideration of the facts before it, finds that the plaintiff has shown probable cause to sustain the validity of his claim, then the prejudgment remedy applied for shall be granted as requested or as modified by the court unless the prejudgment remedy or application for such prejudgment remedy was dismissed or withdrawn pursuant to the provisions of section 52-278j."

on the merits. . . . 'The hearing in probable cause for the issuance of a prejudgment remedy is not contemplated to be a full scale trial on the merits of the plaintiff's claim. The plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim. . . . The court's role in such a hearing is to determine probable success by weighing probabilities.' . . . Moreover, this weighing process applies to both legal and factual issues." (Citations omitted.) *Bank of Boston Connecticut* v. *Schlesinger*, 220 Conn. 152, 156, 595 A.2d 872 (1991). On appeal, our review is limited to " 'whether the determination of the trial court constituted clear error.' " Id., 157.

In denying the plaintiff's application, the trial court found that it did not have "enough here to enter a $300,000 judgment," even though it accepted all of the testimony presented by the plaintiff. The trial court, therefore, held the plaintiff to a higher standard than is required by General Statutes § 52-278d.

The denial of the application is reversed and the case is remanded for a new hearing.