HAROLD FISCHEL ET AL. *v.* TKPK, LTD., ET AL.
(12176)

DUPONT, C. J., O'CONNELL and FOTI, Js.

Argued January 12—decision released April 5, 1994

*Theodore R. Tyma,* for the appellants (defendant Michelle C. Minogue et al.).

*Michael J. Lawrence,* for the appellees (plaintiffs).

O'CONNELL, J. The defendants Thomas E. Minogue and Michelle C. Minogue (hereinafter the defendants) appeal from the granting of a prejudgment remedy (PJR) of attachment of their real property. The defendants claim that the trial court improperly granted the PJR because (1) the plaintiff[1] failed to show probable cause to sustain its claim, (2) the PJR statutes; General Statutes § 52-278a et seq.; are unconstitutional because they do not require the plaintiff to post a bond, and (3) the PJR statutes violate the due process clause of the United States constitution. We affirm the judgment of the trial court.

This action arose out of a commercial real estate lease. In 1988, the plaintiff leased commercial real estate located at 37 Unquowa Road in Fairfield to the named defendant, TKPK, Ltd. Payment and performance of the subject lease was guaranteed by the defendants Thomas E. Minogue and Michelle C. Minogue. In January, 1991, TKPK, Ltd., defaulted on the lease payment and subsequently abandoned the property. TKPK, Ltd., is no longer a party to this action. After a demand

---

[1] The term plaintiff refers to the named plaintiff, Harold Fischel, individually, doing business as Fischel Management. There are, however, two other plaintiffs in this appeal, Harold Fischel as trustee for his daughters' trusts and Trust Realty Corporation. Harold Fischel, as trustee for his daughters' trust, originally owned the property in question and entered into the initial lease transaction with the defendants. Subsequent to the lease transaction, Harold Fishel, as trustee, conveyed the property by quitclaim deed, and thereafter assigned the lease to Trust Realty Corporation. During the entire lease period, the named plaintiff served as landlord and agent for Harold Fischel, trustee.

by the plaintiff, the Minogues, as guarantors, failed to make the required rent payments on behalf of TKPK, Ltd. On May 17, 1991, the plaintiff commenced this action to recover damages for nonpayment. After revising the complaint several times, the plaintiff filed a PJR application in June, 1992, seeking to secure $75,000.[2] Following a probable cause hearing, the trial court granted the application for attachment of the defendants' property in the amount of $60,000. This appeal followed.

## I

General Statutes § 52-278d (a) provides that a trial court may issue a PJR if it determines that there is "probable cause to sustain the validity of [the plaintiff's] claim." It is firmly established that the trial court's hearing in probable cause is not intended to be a full scale trial on the merits of the plaintiff's claim. "The plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim. . . . The court's role in such a hearing is to determine probable success by weighing probabilities. . . ." (Internal quotation marks omitted.) *Calfee* v. *Usman,* 224 Conn. 29, 37, 616 A.2d 250 (1992). Probable cause for purposes of the PJR statutes is a flexible common sense standard that does not demand that a belief be correct or more likely true than false. *Goodwin* v. *Pratt,* 10 Conn. App. 618, 621, 524 A.2d 1168 (1987).

Appellate review of the granting of a PJR is extremely narrow and focused. In determining probable cause, the trial court is vested with wide discretion and our role in reviewing the trial court's action is limited to determining whether the court's conclusion was reasonable. *Anderson* v. *Nedovich,* 19 Conn. App.

---

[2] The plaintiffs submitted this PJR application subsequent to the institution of the present action pursuant to General Statutes § 52-278h.

85, 88, 561 A.2d 948 (1989). Accordingly, the trial court's determination in a PJR proceeding should not be disturbed unless it is clearly erroneous. *Mullai* v. *Mullai,* 1 Conn. App. 93, 95–96, 468 A.2d 1240 (1983). Furthermore, we are "entitled to presume that the trial court acted properly and considered all the evidence. . . . There is, of course, no presumption of error." (Citations omitted.) *Solomon* v. *Aberman,* 196 Conn. 359, 376, 493 A.2d 193 (1985).

" 'In the absence of clear error [the Appellate Court] should not overrule the thoughtful decision of the trial court, which has had an opportunity to assess the legal issues which may be raised and to weigh the credibility . . . of the witnesses.' " *Three S. Development Co.* v. *Santore,* 193 Conn. 174, 176, 474 A.2d 795 (1984); *New England Land Co.* v. *DeMarkey,* 213 Conn. 612, 621, 569 A.2d 1098 (1990).

Our review of the trial court's conclusions of law is likewise severely limited. "Thus, we do not decide whether the legal conclusions reached by the trial court were correct or erroneous. We review the legal conclusions of the trial court only to the limited extent of determining whether its conclusion[s] [were] reasonable. . . . This can only mean that if review of the record indicates that the trial court reached legal conclusions which have a reasonable basis, those conclusions must stand, even though a plenary review of them might well yield a different result. Any more complete process would lead us into the trap of determining the ultimate correctness of legal conclusions which the trial court has decided are only *probably* correct, and doing so on the basis of facts which the trial court has decided are only *probably* true, but which it has not found to be proven by a preponderance of the evidence." (Citation omitted; emphasis in original; internal quotation marks omitted.) *Babiarz* v. *Hartford Special, Inc.,* 2 Conn. App. 388, 394, 480 A.2d 561 (1984).

In the present case, the trial court found that there is "a reasonable probability that [the plaintiff] will be able to prove [the validity of the transaction] at trial, so there is, consequently, the probability of validity of this action, this claim." Nothing more is required. Questions raised by the defendants concerning the power of an undisclosed principal to enforce the guaranty agreement require further examination of the facts and law and must be reserved for the full trial. The $60,000 amount of the PJR is not in dispute.

The trial court properly determined that there was probable cause to support the plaintiff's application.

## II

The defendants next complain that the Connecticut PJR statutes are unconstitutional because they do not require that a plaintiff seeking a PJR post a bond or other security. Our attention has not been directed to a trial court ruling on this issue. Examination of the transcript discloses that the defendant raised the issue in argument. Following a colloquy between the court and defense counsel on this issue, however, they went off on a tangent involving other matters. Consequently, the trial court never ruled on the bond issue. We cannot pass on the correctness of a trial court ruling that was never made. To be entitled to review, a claim must be both raised *and decided* in the trial court. *Berry* v. *Loiseau,* 223 Conn. 786, 828–29, 614 A.2d 414 (1992).

If the defendants intended to take up this issue on appeal, it was their obligation to move for articulation to create an adequate record for appellate review. Without such articulation the defendants have failed to furnish a proper record for review. Practice Book § 4061; *Walton* v. *New Hartford,* 223 Conn. 155, 164–65, 612 A.2d 1153 (1992).

## III

The defendants next argue that the probable cause standard of our PJR statutes violates the due process clause of the fourteenth amendment to the constitution of the United States because it is vague, without standard, and permits a party unfair tactical advantage over an adversary.

This issue was not raised in the trial court. The rules of practice provide that the Appellate Court is not bound to consider a claim that was not distinctly raised at trial. Practice Book § 4185. "This rule applies to constitutional claims. . . . [O]nly in most exceptional circumstances can and will this court consider a claim, constitutional or otherwise, that has not been *raised and decided* in the trial court. . . . The [defendants have] pointed us to no such exceptional circumstances in the present case and, accordingly, we decline to review the merits of this claim." (Citations omitted; emphasis added; internal quotation marks omitted.) *Berry* v. *Loiseau,* supra, 223 Conn. 828–29. In part II of this opinion, the issue was raised but not decided; in this part the issue was neither raised nor decided. *State* v. *Brown,* 199 Conn. 14, 29, 505 A.2d 690 (1986); *State* v. *Robinson,* 14 Conn. App. 146, 148, 539 A.2d 1037, cert. denied, 208 Conn. 805, 545 A.2d 1101 (1988).

The judgment is affirmed.

In this opinion the other judges concurred.