## ROBERT A. BOSCO ET AL. *v.* ARROWHEAD BY THE LAKE, INC., ET AL.
### (AC 17437)

O'Connell, C. J., and Hennessy and Dupont, Js.

Argued March 1—officially released June 22, 1999

*Robert W. Smith*, for the appellants (plaintiffs).

*Joseph A. Mengacci*, with whom was *Richard Bruno*, for the appellees (defendants).

*Opinion*

PER CURIAM. The plaintiffs appeal from the trial court's denial of their motion for a prejudgment remedy of a real estate attachment. The plaintiffs are judgment creditors of one of the defendants, Arrowhead by the Lake, Inc. (Arrowhead), based on a July 21, 1994 judgment for damages arising from faulty workmanship, breach of warranties and deceptive trade practices in connection with a condominium the plaintiffs purchased from Arrowhead. Arrowhead has not satisfied the judgment and, in response to postjudgment interrogatories in that case, has disclosed that it does not have sufficient assets to satisfy the plaintiffs' claim. The plaintiffs filed suit against the defendants[1] claiming

---

[1] Arrowhead transferred substantial real estate assets to the defendant Muri Development Corporation (Muri) on or about December 14, 1990. The individual defendants, Raymond R. Rinaldi and Fred G. Musano, Sr., are officers, directors and shareholders of both Arrowhead and Muri.

fraudulent transfer of real estate and violations of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110a et seq., and seeking a piercing of the corporate veil of Arrowhead.

In connection with this lawsuit, the plaintiffs filed an application for a prejudgment remedy seeking the attachment of property of the defendant Muri Development Corporation (Muri), claiming that Arrowhead had fraudulently transferred assets to Muri to defraud the plaintiffs and other creditors.

It is important that we first note the nature of the proceedings that were before the trial court. In response to the plaintiffs' application for a prejudgment real estate attachment, the trial court conducted a hearing and concluded, inter alia, that the plaintiffs had not established "that there is probable cause that they will prevail on the merits of [their] case." Accordingly, the trial court denied the plaintiffs' application. It is from this denial of that application that the plaintiffs now appeal.

General Statutes § 52-278d (a) permits a trial court to grant a prejudgment remedy if "the plaintiff has shown probable cause that . . . a judgment will be rendered . . . in the plaintiff's favor . . . ." We emphasize that a hearing on an application is not a full-scale trial on the merits of the plaintiffs' claims; *Fischel* v. *TKPK, Ltd.*, 34 Conn. App. 22, 24, 640 A.2d 125 (1994); *Hoke, Inc.* v. *Circuits, Inc.*, 26 Conn. App. 804, 805, 602 A.2d 1075 (1995); but rather concerns only whether and to what extent the plaintiff is entitled to have property of a defendant held in custody of the law pending final adjudication of the merits of the action. *Tyler* v. *Schnabel*, 34 Conn. App. 216, 220, 641 A.2d 388 (1994). There is no assurance that, when a hearing on the merits is eventually reached, the evidence will be identical to

the evidence adduced at the prejudgment remedy hearing. In fact, the evidence at trial will usually be much more expansive and may include exhibits or testimony not yet available at the time of the hearing on the application or the prejudgment remedy.

In a prejudgment remedy proceeding, it is the trial court that must determine whether the plaintiff has sustained its burden of showing probable cause to sustain the validity of the claim. Id. Appellate review of the trial court's decision to grant or deny an application for a prejudgment remedy is limited to whether the trial court's determination was clearly improper. *Greenberg, Rhein & Margolis, Inc.* v. *Norris-Faye Horton Enterprises, Inc.*, 218 Conn. 162, 166, 588 A.2d 185 (1991). Moreover, an appellate court is entitled to presume that the trial court acted properly and considered all the evidence. *Solomon* v. *Aberman*, 196 Conn. 359, 376, 493 A.2d 193 (1985).

"The role of this court in reviewing the [trial] court's decision on a prejudgment remedy is extremely limited. It is not to duplicate the trial court's weighing process, but rather to determine whether its conclusion was reasonable. In the absence of clear error, this court should not overrule the thoughtful decision of the trial court, which has had an opportunity to assess the legal issues which may be raised and to weigh the credibility of at least some of the witnesses. . . . Thus, this court's review is limited to whether the trial court's conclusion was reasonable." (Citation omitted; internal quotation marks omitted.) *Clark* v. *Damiani*, 12 Conn. App. 805, 806, 531 A.2d 1202 (1987).

We have considered the arguments of appellate counsel, their briefs and the transcript and record. We find that the conclusions of the trial court had a reasonable basis, and that that court was well within its broad

discretion in determining that a prejudgment remedy should not be granted.

The judgment is affirmed.