[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an application for a prejudgment remedy pursuant to General Statutes § 52-278c seeking to attach sufficient property to secure the sum of $169,678. The plaintiff, St. Onge, Stewart, Johnson Reens, LLC, is a law firm in Stamford specializing in patent and trademark law. The defendant, Media Group, Inc., an advertising company, was a client of the plaintiff law firm.
The plaintiff's affidavit in support of an attachment and its unsigned complaint allege that it billed the defendant approximately $326,650, and has been paid about $156,400 by the defendant leaving a balance due of approximately $170,000. The plaintiff further alleges that its services were rendered pursuant to to an "agreement" with the defendant which was incorporated in a letter to the defendant dated June 4, 1999. This letter, which was not signed by the defendant, provided that the plaintiff law firm would be paid "at our regular hourly rates" and that the defendant would be billed on a monthly basis.[1] These monthly statements were detailed, giving the name of the attorney who worked on the matter, the nature of the legal services performed, and the amount of hours expended. The invoices also included a statement of the amounts overdue and the length of time that such payments were overdue.
The plaintiff sent to the defendant twenty-four separate invoices starting May 31, 1999 and ending April 30, 2001. The defendant made fifteen separate payments of varying amounts to the plaintiff between September 17, 1999 and June 4, 2001.
On June 6, 2001 and June 26, 2001 the parties were present in court for a prejudgment attachment hearing, pursuant to General Statutes § CT Page 15941-iz52-278d. The standard for the granting of a prejudgment remedy by way of an attachment is well known. "[i]f the court, upon consideration of the facts before it and taking into account any defenses, counterclaims or set-offs, claims of exemption and claims of adequate insurance, finds that the plaintiff has shown probable cause that such a judgment will be rendered in the matter in the plaintiff's favor in the amount of the prejudgment remedy sought and finds that a prejudgment remedy securing the judgment should be granted, the prejudgment remedy applied for shall be granted as requested or as modified by the court." General Statutes § 52-278d (a)(4).
It is also axiomatic that "a hearing on an application is not a full-scale trial on the merits of the plaintiff's claims . . . but rather concerns only whether and to what extent the plaintiff is entitled to have property of a defendant held in custody of the law pending final adjudication of the merits of the action." (Citations omitted; internal quotation marks omitted.) Bosco v. Arrowhead by the Lake, Inc.,53 Conn. App. 873, 874, 732 A.2d 205 (1999). "[T]he trial court, vested with broad discretion, need determine only the likely success of the plaintiff's claim by weighing probabilities. . . . Civil probable cause constitutes a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a person of ordinary caution, prudence and judgment, under the circumstances, in advancing the action." (Citations omitted; internal quotation marks omitted.) Tyler v. Schnabel, 34 Conn. App. 216, 219-20, 641 A.2d 388
(1994); see General Statutes § 52-278d (a).
The plaintiff has demonstrated that it will likely prevail on its claims that its hourly rates and the number of hours spent were reasonable, and that the services rendered were adequate and satisfactory. The plaintiff sent monthly bills to the plaintiff involving its services on three specific matters starting in May of 1999, "Brainy Ideas," "TriStar" and "Ontel," all litigation matters. The plaintiff also filed several patent applications, registered trademarks and filed foreign counterpart applications. It was not until mid-November of 2000 that the defendant's sole stockholder and chief executive officer, Herman S. Howard, complained to the plaintiff about its bill. Attorney Daniel F. Coughlin, a member of the plaintiff LLC, met with Mr. Howard concerning the overdue balance and believed he had reached an agreement that Mr. Howard would make certain payments to bring the account into balance. After the meeting, the defendant did make some further payments to the plaintiff, but not in an amount sufficient to satisfy the balance owed, and the plaintiff, in or about April, 2001, ceased further representation of the defendant. CT Page 15941-ja
The defenses offered by the defendant are that the plaintiff law firm expended too many hours for what they purportedly did, and that the work performed was not as good as anticipated or desired. The testimony of Mr. Howard on these claims was vague at best and not persuasive. He agreed that for the most part he had not reviewed the monthly bills as they came into his company, and he did not know who filed a patent on the defendant's behalf that he believed had not been filed in a proper manner. Moreover, Mr. Howard offered an interim job with his company to Attorney Coughlin, and ultimately recommended him to another law firm in Stamford by whom he is currently employed.
Based on the foregoing, the plaintiff has shown probable cause that it will prevail, of course, after discovery and a full hearing on the merits, a different result might well ensue, but, at this stage of the proceedings, the plaintiff has adequately demonstrated probable cause that it will prevail, notwithstanding the defenses offered by the defendant. Thus, an attachment in the amount of $170,000 may issue in favor of the plaintiff with respect to seventeen different patents and trademarks owned by the defendant.[2] The attachment in this case will be accomplished by notifying the United States Patent Trademark Office of the assets that are being liened which will in turn prevent them from being sold or transferred by the defendant. The defendant, however retains ownership of these intellectual properties and is entitled to the income therefrom and the right to freely use them in the conduct of its business.
So Ordered.
Dated at Stamford, Connecticut, this 26th day of November, 2001.
B. Lewis, Judge