[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION FOR SUMMARY JUDGMENT (#113)
The plaintiff is a subcontractor who alleges to have provided services in the construction of improvements to property in East Granby pursuant to an agreement with the defendant Chase Associates, Inc. ("Chase"), the general contractor for the constuction. In the first count of the complaint, the plaintiff claims a breach of contract as to Chase. In the second count, he alleges quantum meruit as to the as to the property owner; in the third, unjust enrichment as to the property owner. As defenses, both defendants have alleged res judicata, in that a hearing was held in a separate action seeking to reduce or discharge a mechanics lien as to the same claim, and the amount of the lien was allegedly determined. The second defense alleges payment, and the third alleges accord and satisfaction.
The defendant Chase has moved for summary judgment. The memorandum in support of the motion states that in 1999 the plaintiff placed a mechanics lien on the property in the amount of $4,180. The defendants filed an application for discharge or reduction pursuant to § 49-35a
of the General Statutes. In the course of the proceeding, Judge O'Neill reportedly found that the value of services rendered by the plaintiff was $2,910, and ordered the lien reduced accordingly. The defendants then paid $2,910, the payment was accepted and the lien presumably discharged.
The defendant Chase claims that the prior action constitutes res judicata for the purpose of this action. The plaintiff argues that the order regarding the reduction of the mechanic's lien is not a judgment for purposes of res judicata. CT Page 4459
Summary judgment should be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Section 17-49 of the Practice Book. A material fact is one which will make a difference in the result. Barrett v. SouthernConnecticut Gas Company, 172 Conn. 362, 378 (1977). The movant has the burden of showing the absence of a genuine issue, and the evidence is to be viewed in the light most favorable to the nonmoving party. Hammer v.Lumberman's Mutual Casualty Company, 214 Conn. 573, 578 (1990). If the moving party successfully sustains its burden, the opposing party has the burden of presenting evidence to show that there is a genuine issue. It is not enough to state in conclusory fashion that an issue exists. Dailyv. New Britain Machine Company, 200 Conn. 562, 568 (1986). The motion should be granted if a verdict would be directed on the same evidence.Batick v. Seymour, 186 Conn. 632, 647 (1984).
It should be noted that the only factual material submitted either in support of or in opposition to the motion for summary judgment is a certified copy of Judge O'Neill's ruling. This document is a copy of file information and includes the handwriting of a temporary assistant clerk which says, "Pursuant to the PJR overflow on 2/22/00, Judge O'Neill found in favor of the Mechanics Lien for $2,910.00. All parties were present. HE/TAC." In their recitations of facts, however, the parties appear to agree to the underlying facts, as opposed to interpretations, recited above. I will go on, then, to consider the merits of the motion.
The premise of the plaintiff's position as to res judicata is that the decision of Judge O'Neill constituted a final, conclusive determination of the amount of the debt. The purpose of the mechanic's lien is simply to provide security for the debt, and the action to reduce or discharge the lien pursuant to § 49-35a has been described as a pretrial
procedure designed to promote the "prompt and relatively inexpensive determination of the validity of the lien prior to trial." (Emphasis added). New England Savings Bank v. Meadow Lakes Realty Co., 235 Conn. 663,670 (1996); St. Catherine's Church v. Technical, 9 Conn. App. 682, 683-83
(1987). in Pero Building Co. v. Smith, 6 Conn. App. 180 (1986), the Appellate Court noted that the limited purpose was to determine the amount of security pending the action on the merits, and stated that the function of the mechanics lien was much like that of a prejudgment remedy. The hearing pursuant to § 49-35a "is not contemplated to be a full scale trial on the merits of the plaintiffs claim"; id., 183; but rather provides an opportunity to determine probably cause. Probable cause, in turn, is, stated somewhat simplistically, a weighing of the probabilities to try to do justice to the parties pending resolution of the claim on the merits. See, e.g., Calfee v. Usman, 224 Conn. 29, 37, 38
n. 6 (1992). As recently noted by the Appellate Court; CT Page 4460
 We emphasize that a hearing on an application is not a full-scale trial on the merits of the plaintiffs' claims; Fischel v. TKPK Ltd., 34 Conn. App. 22, 24, 640 A.2d 125 (1994); Hoke, Inc. v. Circuits, Inc., 26 Conn. App. 804, 805, 602 A.2d 1075 (1995); but rather concerns only whether and to what extent the plaintiff is entitled to have property of a defendant held in custody of the law pending final adjudication of the merits of the action. Tyler v. Schnabel, 34 Conn. App. 216, 220, 641 A.2d 388 (1994). There is no assurance that, when a hearing on the merits is eventually reached, the evidence will be identical to the evidence adduced at the prejudgment remedy hearing. In fact, the evidence at trial will usually be much more expansive and may include exhibits or testimony not yet available at the time of the hearing on the application or the prejudgment remedy.
 Bosco v. Arrowhead by the Lake, Inc., 53 Conn. App. 873, 874-75
(1999).
Because Judge O'Neill's holding was not a full and final determination on the merits, then, the ruling is not entitled to preclusive effect as to future actions on the debt. See Linden Condominium Association, Inc.v. McKenna, 247 Conn. 575, 594 (1999).[1] If res judicata effect were to be accorded to applications regarding the reduction of mechanics liens, those proceedings would likely evolve into full scale determinations of the amount of the underlying debt rather than weighings of probabilities to try to equitably do justice pending the resolution of the debt. The hearings doubtless would no longer be expeditious and inexpensive.
Finally, the defendant Chase submits in passing that the action is barred by payment and accord and satisfaction. No factual elucidation was provided, and, assuming there was payment, there is no information whether the payment was intended by the parties to discharge the lien or to discharge the debt. There are genuine issues of fact, then, as to the defenses regarding payment.
The motion for summary judgment is denied.
 ___________________, J. Beach