[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION FOR PREJUDGMENT REMEDY
On June 26, 2002, the plaintiffs in the instant action filed an Application of Prejudgment Remedy to secure the sum of one hundred eighty seven thousand four hundred fifty three dollars, ($187,453.00) plus and State Marshal's service fees. The plaintiffs seek to attach real property owned by the defendant James Slomkowski, located at 41 North Wall Street, Meriden. The plaintiffs further seek to attach any automobiles or personal property owned by the defendants Silverio and Slomkowski and to attach any business assets and or accounts of said defendants. The plaintiffs are not requesting any prejudgment relief against the defendant Webster Bank.
The plaintiffs submitted a sworn affidavit in support of their Application. The affiant is the plaintiff, Mr. Serge L'Etoile. Said affidavit is dated May 30, 2002 and provides in pertinent part that:
 2. Defendant Yolanda Silverio individually and doing business as Yolanda's Consulting, forged checks from Plaintiff Studs Are Us business account in the amount of $105,103.00.
 3. Defendant Yolanda Silverio individually and doing business as Yolanda's Consulting, forged checks from Plaintiff Accurate Construction, LLC business account in the amount of $82,350.00.
 4. Defendant James Slomkowski, resides with Defendant Yolanda Silverio in a house purchased in part by funds stolen and embezzled from Plaintiff's accounts and has been driving a Chevy Truck, license plate marker number CA2822 purchased in part with funds stolen and/or embezzled from Plaintiff.
CT Page 12319
 5. Defendants Yolanda Silverio and James Slomkowski acquired a 2001 Honda Accord from funds stolen and/or embezzled from Plaintiff.
 6. On March 19, 2002, Defendant Yolanda Silverio attempted to make partial restitution to Plaintiff Serge L'Etoile using a non-negotiable check the amount of $50,000.00 drawn against her Fleet Bank checking account number 94512 93202.
On September 16, 2002, this Court held a hearing on the Application for Prejudgment Remedy. The Defendant Yolanda Silverio and James Slomkowski were not physically in the Courtroom and did not provide any evidence by way of deposition, affidavit or live testimony, but they appeared, through counsel at the hearing.
Section 52-278d of the Connecticut General Statutes concerns hearings on prejudgment remedy applications.
 General Statutes § 52-278d (a) permits a trial court to grant a prejudgment remedy if "the plaintiff has shown probable cause that . . . a judgment will be rendered . . . in the plaintiff's favor. . . ." We emphasize that a hearing on an application is not a full-scale trial on the merits of the plaintiffs' claims; Fischel v. TKPK, Ltd., 34 Conn. App. 22, 24, 640 A.2d 125 (1994); Hoke, Inc. v. Circuits, Inc., 26 Conn. App. 804, 805, 602 A.2d 1075 (1995); but rather concerns only whether and to what extent the plaintiff is entitled to have property of a defendant held in custody of the law pending final adjudication of the merits of the action. Tyler v. Schnabel, 34 Conn. App. 216, 220, 641 A.2d 388 (1994). There is no assurance that, when a hearing on the merits' is eventually reached, the evidence will be identical to the evidence adduced at the prejudgment remedy hearing. In fact, the evidence at trial will usually be much more expansive and may include exhibits or testimony not yet available at the time of the hearing on the application or the prejudgment remedy.
Bosco v. Arrowhead By The Lake, Inc., 53 Conn. App. 873, 874 (1999).
Subsection 52-278d (4) provides in pertinent part that:
 (4) . . . If the court, upon consideration of the facts before it and taking into account any defenses, counterclaims or set-offs, claims of exemption and claims of adequate CT Page 12320 insurance, finds that the plaintiff has shown probable cause that such a judgment will be rendered in the matter in the plaintiff's favor in the amount of the prejudgment remedy sought and finds that a prejudgment remedy securing the judgment should be granted, the prejudgment remedy applied for shall be granted as requested or as modified by the court. The court shall not grant the prejudgment remedy if the prejudgment remedy or application for such prejudgment remedy was dismissed or withdrawn pursuant to the provisions of section 52-278j.
The burden of proof to show "probable cause in a civil action is as follows:
 "Civil probable cause constitutes a bona fide belief in the existence of the essential under the law for the action and such as would warrant a person of ordinary caution, prudence and judgment, under the circumstances, in advancing the action. One Fawcett Place Ltd Partnership v. Diamandis Communications, Inc., 24 Conn. App. 524, 525, 589 A.2d 892
(1991). "The plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the "validity of the claim." Id.; Fischel v. TKPK, Ltd., 34 Conn. App. 22, 26, 640 A.2d 125 (1994)." Tyler v. Schnabel, 34 Conn. App. 261, 219-220 (1994).
 (Cited in Incor Group v. Polied Enviro. Rest. Ser., (CV01-0457219 (Mar. 28, 2002), 2002 Ct. Sup. 3346 (Munro, J).
In paragraph 4 of the affidavit the affiant, Mr. L'Etoile states that "Defendant James Slomkowski, resides with Defendant Yolanda Silverio in a house purchased in part by funds stolen and embezzled from Plaintiff's accounts and has been driving a Chevy Truck, license plate marker number CA2822 purchased in part with funds stolen and/or embezzled from Plaintiff" however, during cross examination, Mr. L'Etoile was examined about the ownership of the subject property. Specifically about an exhibit marked as "Plaintiff's Exhibit 1". This exhibit is a certified copy of a deed from the land records of the Meriden City Clerk's Office. The document provides in pertinent part that Mr. James Slomkowski purchased the subject property on February 27, 1998.
The plaintiffs allege in their complaint that after they hired Yolanda Silverio, d/b/a Yolanda's Consulting to perform bookkeeping services for Studs Are Us and Accurate Construction, LLC. Ms. Silverio forged Mr. CT Page 12321 L'Etoil's name on Studs Are Us Construction's business checks during the period of May 16, 2000 through December 27, 2001. They further allege that she forged Mr. L'Etoile's name on Accurate Construction's business checks during the period of December 22, 2000 through December 12, 2001. These are the only two time periods that the plaintiffs allege that the defendant, Ms. Silverio forged checks, however both of these time periods are substantially after the purchase of the subject real property. Additionally, the Court notes that the plaintiff, Mr. L'Etoile conceded during cross examination that "he was probably inaccurate" when he stated that the subject property had been purchased with stolen funds.
The Court finds that the plaintiff has failed to sustain its burden of proof to show probable cause as to the allegation that the subject real estate was purchased with funds stolen from the plaintiffs.
As to the Chevy Truck, evidence was introduced during the hearing that the subject vehicle was purchased by James and Tracy A. Slomkowski from Jackson Chevrolet Co., on May 30, 1990 (Plaintiff's Exhibit 3). As was previously stated, the plaintiffs allege that the forgeries took place from May 16, 2000 through December 27, 2001 and December 22, 2000 through December 12, 2001. The date that the truck was purchased was substantially before the dates that the alleged forgeries occurred.
The Court finds that the plaintiff has failed to sustain its burden of proof to show probable cause that the Chevy truck was purchased with funds stolen from the plaintiffs.
In paragraph 5 of the affidavit, the plaintiff/affiant, Mr. L'Etoile states that the "Defendants Yolanda Silverio and James Slomkowski acquired a 2001 Honda Accord from funds stolen and/or embezzled from Plaintiff." However during the hearing Mr. L'Etoile conceded that the he was with the defendant Silverio when the vehicle was purchased, and that the car was purchased in his name and that he has possession and control of it. He also stated while testifying that he did not know if the defendants used any money that was taken from the plaintiffs' business accounts to pay for the vehicle.
The Court finds that the plaintiff has failed to sustain its burden of proof to show probable cause that the 2001 Honda Accord was purchased with funds stolen and or embezzled from the plaintiffs.
The plaintiffs have alleged that the defendant, Silverio forged check number 3773 on the Studs Are Us account. The check is made payable to Yolanda Silverio, in the amount of three thousand dollars ($3,000.00) (See Defendant's Exhibit A at page 60.). The back of the check indicates CT Page 12322 that Ms. Silverio endorsed the check under the condition of "Deposit Only". This check also bears a signature "James Slomkowski" and the account number 0424026546.
The plaintiffs have alleged that the defendant, Silverio forged check number 1374 on the Accurate Construction Account. The check is made payable to Yolanda Silverio, in the amount of one thousand four hundred dollars ($1,400.00) (See Defendant's Exhibit B at page 16.). The endorsement of this check is somewhat confusing in light of the fact that back of the check indicates that Ms. Silverio endorsed the check under the condition of "Deposit Only" and "Pay to the order of James Slomkowski". This check also has the account number 424026546 written on the back.
Other then the presentation of the checks into evidence and the plaintiffs assertion that there was no reason for them to write a check to Mr. Slomkowski, no further evidence was offered as to how or why the subject checks were deposited into said account.
The Court finds that the plaintiffs have sustained their burden of proof to show probable cause exists to find that the defendant, Yolanda Silverio forged and cashed or caused to be cashed, a series of checks on their business accounts. The total amounts of the checks on the Accurate Construction account wherein the plaintiffs allege a loss is eighty two thousand three hundred fifty dollars ($82,350.00) (See Defendant's Exhibit B). The total amount of the checks on the Studs Are Us Construction Account wherein the plaintiffs allege a loss is one hundred five thousand one hundred three dollars ($105,103.00) (See Defendant's Exhibit A). The total amount is one hundred eighty seven thousand four hundred fifty three dollars ($187,453.00).
The Court finds that payment of any judgment that may be rendered against the defendants is not claimed to be adequately secured by insurance, and the property sought to be subjected to the prejudgment remedy is not claimed to be exempt from execution. It is hereby ordered that the application for prejudgment remedy as to the defendant Joseph Slomkowski is denied. As to the defendant Yolanda Silverio, the application for a prejudgment remedy is granted. The plaintiffs may attach sufficient real or personal property, business assets and/or accounts of the defendant, Yolanda Silverio to secure the sum of one hundred eighty CT Page 12323 three thousand fifty-three dollars ($187,453.00). The defendant may substitute a bond for all or any portion of the prejudgment remedy hereby granted.
 ___________________________ Richard Allan Robinson, J September 24, 2002
CT Page 12324