[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION #101: APPLICATION FOR PREJUDGMENT REMEDY
The Plaintiffs bring this action by way of a one count Complaint dated April 22, 2002.
The Plaintiff, Jordan alleges that individually and as the sole owner of Winthrop Country Stores, L.L.C. owned and operated a restaurant business known as "Buckboard". Said restaurant business occupied a commercial building pursuant to a lease agreement by and between the plaintiffs Winthrop Country Stores, L.L.C. and the Defendants who were the owners of said building located at 497 Winthrop Road, Deep River, Connecticut.
In September 1997, the Plaintiffs ceased to operate the restaurant business and vacated the aforementioned premises. Although the Plaintiffs vacated the premises they left the equipment used in operating the restaurant as well as some additional items of personal property.
On April 23, 2002, the Plaintiffs filed an Application for Prejudgment Remedy to secure the sum of two hundred thousand dollars, ($200,000.00). They seek to attach:
 a. . . . [S]ufficient real and personal property of the defendants HAROLD A. TOMLINSON and PHILIP SCHYLER, to secure such sum, including, but not limited to:
 (a) [F]ixtures, restaurant equipment and personal property located at the commercial building which was operated as a restaurant located at 497 Winthrop Road, Deep River, Connecticut.
(b) The real estate or other real or personal property they own located at 497 Winthrop Road, Deep River, Connecticut. CT Page 14118
On November 4, 2002, this Court held a hearing on the Application for Prejudgment Remedy.
Section 52-278d of the Connecticut General Statutes concerns hearings on prejudgment remedy applications.
 General Statutes § 52-278d (a) permits a trial court to grant a prejudgment remedy if "the plaintiff has shown probable cause that . . . a judgment will be rendered . . . in the plaintiffs favor. . . ." We emphasize that a hearing on an application is not a full-scale trial on the merits of the plaintiffs' claims; Fischel v. TKPK, Ltd., 34 Conn. App. 22, 24, 640 A.2d 125 (1994); Hoke, Inc. v. Circuits, Inc., 26 Conn. App. 804, 805, 602 A.2d 1075 (1995); but rather concerns only whether and to what extent the plaintiff is entitled to have property of a defendant held in custody of the law pending final adjudication of the merits of the action. Tyler v. Schnabel, 34 Conn. App. 216, 220, 641 A.2d 388 (1994). There is no assurance that, when a hearing on the merits is eventually reached, the evidence will be identical to the evidence adduced at the prejudgment remedy hearing. In fact, the evidence at trial will usually be much more expansive and may include exhibits or testimony not yet available at the time of the hearing on the application or the prejudgment remedy.
 Bosco v. Arrowhead By The Lake, Inc., 53 Conn. App. 873, 874 (1999).
Subsection 52-278d (4) provides in pertinent part that:
(4) . . . If the court, upon consideration of the facts before it and taking into account any defenses, counterclaims or set-offs, claims of exemption and claims of adequate insurance, finds that the plaintiff has shown probable cause that such a judgment will be rendered in the matter in the plaintiffs favor in the amount of the prejudgment remedy sought and finds that a prejudgment remedy securing the judgment should be granted, the prejudgment remedy applied for shall be granted as requested or as modified by the court. The court shall not grant the prejudgment remedy if the prejudgment remedy or application for such prejudgment CT Page 14119 remedy was dismissed or withdrawn pursuant to the provisions of section 52-278j.
Case law in our state shows that the burden of proof to show "probable cause"in a civil action is as follows:
 "Civil probable cause constitutes a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a person of ordinary caution, prudence and judgment, under the circumstances, in advancing the action." One Fawcett Place Ltd. Partnership v. Diamandis Communications, Inc., 24 Conn. App. 524, 525, 589 A.2d 892 (1991). "The plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim." Id.; Fischel v. TKPK, Ltd., 34 Conn. App. 22, 26, 640 A.2d 125 (1994)." Tyler v. Schnabel, 34 Conn. App. 261, 219-220 (1994).
 (Cited in Incor Group v. Polled Enviro. Rest. Ser., (CV01-0457219 (Mar. 28, 2002), 2002 Ct. Sup. 3346
(Munro, J).
The property that is the subject of this lawsuit is specifically identified in Plaintiffs' Exhibits 3 and 4. It consists of myriad items that are related to the operation of a commercial restaurant business.
Although the Plaintiffs did not present any receipts or appraisers to determine the value of the subject property, the Plaintiff Jordan testified that the property was already located at the subject premises when he started his restaurant business and that he had purchased it from a Mr. Peter Woodcock in February 1997, for thirty thousand dollars ($30,000.00). The Plaintiff however asserts that the actual value of the property is an "in place value of one hundred and fifty thousand dollars ($150,000.00).
 The market value of property can be established by various methods such as the testimony of an owner . . . It is within the province of the [trier of fact] to assess the credibility and the weight of the evidence presented. (Internal citations omitted)
 State v. Rochette, 25 Conn. App. 298, 307 (1991).
A party may testify to the value of her own CT Page 14120 property. Sunbury v. Sunbury, 13 Conn. App. 651, 660, 538 A.2d 1082 (1988), rev'd on other grounds, 210 Conn. 170, 553 A.2d 612 (1989) (defendant permitted to testify as to the fair market value of the marital home). A party's testimony as to the value of personal property is proper even if no qualification other than ownership of it is shown. Saporiti v. Austin A. Chambers Co., 134 Conn. 476, 479-80, 58 A.2d 387 (1938) (plaintiff testified as to value of furniture).
Sachs v. Sachs, 22 Conn. App. 410, 422 (1990).
This Court finds that the evidence supporting a value of one hundred and fifty thousand dollars ($150,000.00) is not credible. The Plaintiffs purchased the subject property for thirty thousand dollars ($30,000.00) only a short period of time before the events that cited in the instant action. Additionally, the Plaintiff had an offer to purchase said equipment for twenty five thousand dollars ($25,000.00) by a Mr. St. Pierre who had testified during the hearing.[1] However the proposed purchase price included the restaurant and the restaurant's good will. Finally, the Defendants sold said property to Mr. George Athos for the sum often thousand dollars ($10,000.00).[2]
 We have held that in an application for a prejudgment remedy, the amount of damages need not be determined with mathematical precision. Burkert v. Petrol Plus of Naugatuck, Inc., 5 Conn. App. 296, 301, 497 A.2d 1027 (1985). A "`fair and reasonable estimate'" of the likely potential damages is sufficient to support the entry of a prejudgment attachment. Id. Nevertheless, the plaintiff bears the burden of presenting "evidence which affords a reasonable basis for measuring her loss." (Internal quotation marks omitted.) Spera v. Audiotape Corp., 1 Conn. App. 629, 633, 474 A.2d 481 (1984); see Ledgebrook Condominium Assn., Inc. v. Lusk Corp., 172 Conn. 577, 584-86, 376 A.2d 60 (1977).
 Rafferty v. Noto Bros. Construction, LLC, 68 Conn. App. 685, 693 (2002).
For the purposes of this hearing, the Court finds that the more credible and convincing evidence indicates that the value of the restaurant equipment at the time in question was twenty thousand dollars CT Page 14121 ($20,000.00).
The Court finds that credible evidence was submitted at trial that showed that in addition to the restaurant equipment purchased from Mr. Woodcock, there was some additional restaurant equipment and personal property located at the subject premises that was valued at nineteen thousand six hundred twenty eight dollars. ($19,628.00) (See Plaintiffs' Exhibit 6.).
Adding the aforementioned numbers together, the value of the subject property was thirty nine thousand six hundred twenty eight dollars ($39,628.00).
In response to the Plaintiffs proof of damages, the Defendants' assert that in September 1997, the Plaintiffs had abandoned the subject property at their premises. The more credible and convincing evidence presented at the hearing showed that the Plaintiff, Jordan went on a two week vacation during September of 1997. He called the utility company and had the power turned off in his name and attempted to have it turned on in the name of the Defendants.
Although the Plaintiff had intended to return at the end of two weeks, he did not do so until December 1997, approximately three months later. When he returned to the restaurant he found that the power had been turned off and that perishables left in the restaurant had become spoiled.
The Defendants allege that were owed money including outstanding rent for past months and the last three months of the lease, however they could not find the Plaintiff Jordan during this time period.[3] They further allege that in order to make contact with him to collect said rent they had to surreptitiously follow his daughter, and that in doing so they finally found him on his boat in a Marina in Essex, Connecticut.
In addition to the foregoing, the Court notes that since the time that Plaintiffs vacated the subject premises they have not paid any personal property taxes on the equipment that is the subject of this lawsuit.
It is the applicants' burden of proof to show probable cause that that a judgment will render in their favor, after completing its review of the Application, Complaint and pleadings in this matter, and hearing and evaluating the evidence presented at the hearing, as well as assessing the credibility of the witnesses and taking into account the defenses raised by the Defendants, this Court comes to the conclusion that the Plaintiffs have not met their burden of proof to show probable cause that CT Page 14122 they will obtain a judgment in this matter. The Application for Prejudgment Remedy is therefore denied.
 ___________________ Richard Allan Robinson, J November 4, 2002