[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION #115 MOTION TO DISSOLVE PREJUDGMENT REMEDY
The plaintiff alleges in her complaint that the defendant Marilyn Hanberg (hereinafter "Hanberg") was the owner of fifty one percent (51%) of the outstanding shares of stock in Dunham Ltd., Realtors (hereinafter "Dunham"). The defendant A. Ward Burian (hereinafter "Burian") was the owner of forty nine percent (49%) of the outstanding shares in Dunham.
Sometime around November 12, 1997, the defendants hired the plaintiff as an administrative assistant.
The plaintiff further alleges that on October 14, 1999 she approached the defendants Hanberg and Burian about purchasing their ownership of Dunham. A meeting was subsequently held and the plaintiff offered to purchase the defendants' share of Dunham for four hundred and fifty thousand dollars ($450,000.00). The plaintiff was to pay one hundred thousand dollars ($100,000.00) up front and one hundred twenty five thousand dollars ($125,000.00) over a three year period for the defendant Burian's forty nine percent (49%) share of Dunham. Two years later, the plaintiff was also to pay two hundred twenty five thousand dollars ($225,000.00) to the defendant Hanberg for her fifty one percent (51%) percent ownership of the company.
Subsequent to the aforementioned meeting, the plaintiff secured a one hundred thousand dollar ($100,000.00) equity loan on her house to obtain the funds for the purchase.
The plaintiff's attorney formalized the agreement in writing, but the defendants refused to execute the document expressing to the plaintiff that it was their preference that the agreement should be an informal "handshake" deal as was the business relationship between the defendants Hanberg and Burian.
The parties continued to discuss the plaintiffs purchase of Dunham, CT Page 15239 however there is a dispute between them as to whether a final agreement was ever reached. In the meantime, the plaintiff sought and obtained life insurance policies and named the defendants as beneficiaries on said policies. She was also given a company credit card and access to certain company perks and responsibilities that were the same or similar to those that were given to persons in a partnership position at the company.
On March 14, 2000, the plaintiff deposited ten thousand dollars into Dunham's checking account.[1] The money was used to pay Dunham's financial obligations.
On April 3, 2000, the plaintiff was informed that the defendants would not sell their respective shares of Dunham to the plaintiff. The defendants' however had entered into a contractual relationship with Prudential Connecticut Realty concerning a purchase of among other things Dunham's business assets.
On September 8, 2000, the plaintiff, Janice M. Murphy filed an Application for a Prejudgment Remedy against the defendants, Marilyn Hanberg, Ward Burian and Burian and Dunham Ltd. Realtors. The Application sought to attach the defendants' property in the amount of two hundred twenty five thousand dollars ($225,000.00).
On December 11, 2000, the Court, (Gilardi, J) issued an order that permitted the plaintiff to attach the defendants' property. Said order was issued in accordance with a Stipulation entered into by the parties.
On September 25, 2002, the defendants filed a motion to dissolve the prejudgment remedy that had previously been ordered by the Court.
A hearing on the defendants' motion was held on November 25, 2002.
Section 52-278k of the Connecticut General Statutes concerns modifications of prejudgment remedies. This statute provides that:
 The court may, upon any application for prejudgment remedy under section 52-278c, 52-278e, 52-278h or 52-278i, modify the prejudgment remedy requested as may be warranted by the circumstances.
 The court may, upon motion and after hearing, at any time modify or vacate any prejudgment remedy granted or issued under this chapter upon the presentation of evidence which would have justified such court in modifying or denying such prejudgment remedy under the CT Page 15240 standards applicable at an initial hearing.
Whereas the moving party seeks to dissolve the prejudgment remedy pursuant to the provisions of § 52-278k C.G.S. a discussion of the justification for a modification or denial of a prejudgment remedy is warranted.
Section 52-278d of the Connecticut General Statutes concerns hearings on prejudgment remedy applications.
 General Statutes § 52-278d (a) permits a trial court to grant a prejudgment remedy if "the plaintiff has shown probable cause that . . . a judgment will be rendered . . . in the plaintiffs favor. . . ." We emphasize that a hearing on an application is not a full-scale trial on the merits of the plaintiffs' claims; Fisehel v. TKPK, Ltd., 34 Conn. App. 22, 24, 640 A.2d 125 (1994); Hoke, Inc. v. Circuits, Inc., 26 Conn. App. 804, 805, 602 A.2d 1075 (1995); but rather concerns only whether and to what extent the plaintiff is entitled to have property of a defendant held in custody of the law pending final adjudication of the merits of the action. Tyler v. Schnabel, 34 Conn. App. 216, 220, 641 A.2d 388 (1994). There is no assurance that, when a hearing on the merits is eventually reached, the evidence will be identical to the evidence adduced at the prejudgment remedy hearing. In fact, the evidence at trial will usually be much more expansive and may include exhibits or testimony not yet available at the time of the hearing on the application or the prejudgment remedy.
 Bosco v. Arrowhead By The Lake, Inc., 53 Conn. App. 873, 874 (1999).
 Subsection 52-278d (4) provides in pertinent part that:
 (4) . . . If the court, upon consideration of the facts before it and taking into account any defenses, counterclaims or set-offs, claims of exemption and claims of adequate insurance, finds that the plaintiff has shown probable cause that such a judgment will be rendered in the matter in the plaintiffs favor in the amount of the prejudgment remedy sought and finds that CT Page 15241 a prejudgment remedy securing the judgment should be granted, the prejudgment remedy applied for shall be granted as requested or as modified by the court. The court shall not grant the prejudgment remedy if the prejudgment remedy or application for such prejudgment remedy was dismissed or withdrawn pursuant to the provisions of section 52-278j.
Case law in our state shows that the burden of proof to show "probable cause in a civil action is as follows:
 "Civil probable cause constitutes a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a person of ordinary caution, prudence and judgment, under the circumstances, in advancing the action." One Fawcett Place Ltd. Partnership v. Diamandis Communications, Inc., 24 Conn. App. 524, 525, 589 A.2d 892 (1991). "The plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim." Id.; Fischel v. TKPK, Ltd., 34 Conn. App. 22, 26, 640 A.2d 125 (1994)." Tyler v. Schnabel, 34 Conn. App. 261, 219-220 (1994).
 (Cited in Incor Group v. Polled Enviro. Rest. Ser., (CV01-0457219 (Mar. 28, 2002), 2002 Ct. Sup. 3346
(Munro, J).
The evidence of damages that was submitted at the hearing consisted of evidence concerning an amount of money that Prudential Connecticut may have realized, as the result of its contractual agreement to purchase the assets of Dunham. The plaintiff asserts that the actual figure is in excess of seven hundred and three thousand, sixty hundred fifty one dollars ($703,561.00). While the plaintiff asserts that this method is a valid method of valuing the business at the time of the alleged breach, the defendants vehemently disagree.
The plaintiff did not offer any evidence that her methodology is a valid and accepted method of valuing the business entity in question at the time of the alleged breach, nor did the plaintiff offer any expert witness testimony as to how she derived at her number. After hearing the listening to the testimony and assessing the credibility of the witnesses and the evidence offered at the hearing, this Court comes to the conclusion that plaintiffs assertion of the value of the subject business enterprise at the time of the alleged breach and hence her evidence of CT Page 15242 damages is not credible and convincing enough to meet her burden of proof to provide a reasonable basis for measuring her alleged losses.[2]
 We have held that in an application for a prejudgment remedy, the amount of damages need not be determined with mathematical precision. Burkert v. Petrol Plus of Naugatuck, Inc., 5 Conn. App. 296, 301, 497 A.2d 1027
(1985). A" "fair and reasonable estimate' "of the likely potential damages is sufficient to support the entry of a prejudgment attachment. Id. Nevertheless, the plaintiff bears the burden of presenting "evidence which affords a reasonable basis for measuring her loss." (Internal quotation marks omitted.) Spera v. Audiotape Corp., 1 Conn. App. 629, 633, 474 A.2d 481 (1984); see Ledgebrook Condominium Assn., Inc. v. Lusk Corp., 172 Conn. 577, 584-86, 376 A.2d 60 (1977).
 Rafferty v. Noto Bros. Construction, LLC, 68 Conn. App. 685, 693 (2002).
The burden of presenting a fair and reasonable estimate of the likely potential damages is upon the plaintiff. The defendants in the instant action have established that the plaintiff has failed to meet her burden of proof to show a fair and reasonable estimate of her damages. The Motion to Dissolve Prejudgment Remedy is granted.
 _________________________ Richard Allan Robinson, J November 26, 2002